(No. 86857.—■■■■)

DENNIS EASTMAN, Appellee, v. STEVEN MESS-NER, Appellee (Gates McDonald *ex rel.* Meyer Material Company, Appellant).

*Opinion filed December 2, 1999.*

William J. Cook and Anthony J. Cacchillo, of William J. Cook & Associates, of Chicago, for appellant.

Kevin J. O'Shea and John E. Navigato, of Serpico, Novelle & Navigato, Ltd., of Chicago, for appellee Dennis Eastman.

Robert E. Gillespie and William P. Hardy, of Hinshaw & Culbertson, of Springfield, for *amicus curiae* Warren E. Danz, P.C.

JUSTICE McMORROW delivered the opinion of the court:

The question presented in this appeal is whether, pursuant to section 5(b) of the Workers' Compensation Act (820 ILCS 305/5(b) (West 1996)), an employer who has paid workers' compensation benefits to an employee may assert a lien against the employee's recovery in a legal malpractice suit where that suit is based upon the failure of the employee's attorney to prosecute a personal injury action against a third-party tortfeasor allegedly responsible for the employee's injuries. The appellate court concluded that, under these circumstances, an employer could not assert a lien. 302 Ill. App. 3d 526. For the reasons that follow, we affirm the judgment of the appellate court.

## Background

On January 21, 1991, the plaintiff, Dennis Eastman, was injured in an accident which occurred during the course of his employment as a truck driver for Meyer Material Company. The accident took place while Eastman was driving his truck in the gravel pit of a third party, Vulcan Materials Company. Meyer Material's workers' compensation insurance administrator, Gates McDonald, has paid a total of $248,218.66 in workers' compensation benefits to Eastman as a result of the accident.

Following the accident, Eastman hired the defendant, attorney Steven Messner, for the purpose of filing a personal injury action against Vulcan Materials. After Messner allegedly failed to file the personal injury action within the applicable limitations period, Eastman filed a legal malpractice suit against Messner. On November 24, 1997, Gates McDonald filed a petition to intervene in the legal malpractice case on the behalf of Meyer Material, arguing that it had a right, pursuant to section 5(b) of the Workers' Compensation Act (820 ILCS 305/5(b) (West

1996)) to assert a lien against any damages which Eastman might recover from Messner. Following a hearing held on February 19, 1998, the circuit court of Cook County denied the petition to intervene. The appellate court, relying primarily on *Woodward v. Pratt, Bradford & Tobin, P.C.*, 291 Ill. App. 3d 807 (1997), affirmed the judgment of the circuit court. 302 Ill. App. 3d 526. We allowed Gates McDonald's petition for leave to appeal. 177 Ill. 2d R. 315(a).

## Analysis

A lien is defined generally as "a charge upon property, either real or personal, for the payment or discharge of a particular debt or duty in priority to the general debts or duties of the owner; an encumbrance upon property as security for the payment of a debt; or a hold or claim on another's property as security for the payment or performance of a debt, duty, or other obligation." *Gaskill v. Robert E. Sanders Disposal Hauling*, 249 Ill. App. 3d 673, 676 (1993), citing 51 Am. Jur. 2d *Liens* § 1 (1970). A lien cannot be created by a court "without an underlying explicit or implicit agreement between the parties or some fixed rule of law usually found in a statute." *Freer v. Hysan Corp.*, 108 Ill. 2d 421, 427 (1985). As there was no agreement between the parties in the case at bar, the only issue presented is whether section 5(b) of the Workers' Compensation Act grants Gates McDonald the right to assert a lien against any proceeds which Eastman recovers in his malpractice action against Messner.

Section 5(b) of the Workers' Compensation Act provides, in pertinent part:

"Where the injury or death for which compensation is payable under this Act was caused under circumstances creating a legal liability for damages on the part of some person other than his employer to pay damages, then legal proceedings may be taken against such other person to re-

cover damages notwithstanding such employer's payment of or liability to pay compensation under this Act. In such case, however, if the action against such other person is brought by the injured employee \*\*\* and judgment is obtained and paid, or settlement is made with such other person, \*\*\* then from the amount received by such employee \*\*\* there shall be paid to the employer the amount of compensation paid or to be paid by him to such employee \*\*\*. \*\*\*
      \*\*\*

      \*\*\* [T]he employer may have or claim a lien upon any award, judgment or fund out of which such employee might be compensated from such third party.

      \*\*\* The employer may, at any time thereafter join in the action upon his motion so that all orders of court after hearing and judgment shall be made for his protection. \*\*\*

      In the event the employee or his personal representative fails to institute a proceeding against such third person at any time prior to 3 months before such action would be barred, the employer may in his own name or in the name of the employee, or his personal representative, commence a proceeding against such other person for the recovery of damages on account of such injury or death to the employee \*\*\*." 820 ILCS 305/5(b) (West 1996).

In arguing that it has a right to assert a lien against Eastman's potential malpractice damages, Gates McDonald initially focuses on the first sentence of section 5(b). That sentence states that an employee who has received workers' compensation benefits may file a third-party action "[w]here the injury or death for which compensation is payable under this Act was caused under circumstances creating a legal liability for damages on the part of *some person other than his employer* to pay damages."(Emphasis added.) 820 ILCS 305/5(b) (West 1996). Citing to *Williams v. Katz*, 23 F.3d 190 (7th Cir. 1994), Gates McDonald contends that, except for the employer, section 5(b) does not limit the definition of the "some person" or third party against whom action may be taken by the employee. See *Katz*, 23 F.3d at 192. Gates

McDonald further observes that the third paragraph of section 5(b) allows the employer to assert a lien in the action brought by the employee against the "person" or third party defined in the first sentence of section 5(b). Thus, according to Gates McDonald, an employer who has paid workers' compensation benefits to an employee may assert a lien against any third-party recovery, including a legal malpractice recovery, that an employee obtains as a result of his injury. We disagree.

Both Gates McDonald and the decision in *Katz* fail to heed the clear language of section 5(b). As the appellate court in *Woodward* explained:

> "Paragraph 1 of section 5(b) states that '[w]here the *injury* or death *for which compensation is payable* under this Act *was caused* under circumstances creating a legal liability for damages on the part of *some person* other than his employer to pay damages' (emphasis added) (820 ILCS 305/5(b) (West 1994)), a lien arises against any recovery from such other person. The plaintiff's allegedly negligent lawyers did not *cause* the injury that led to compensation payments. The third paragraph of section 5(b) states that 'the employer may have or claim a lien upon any award *** out of which such employee might be compensated from *such third party*.' (Emphasis added.) 820 ILCS 305/5(b) (West 1994). This third party is the 'injurer' whose acts or omissions caused the expenditure of medical and hospital payments (*Hartford Accident & Indemnity Co. v. Cummings*, 66 Ill. App. 3d 704, 707-08, 384 N.E.2d 119, 122 (1978)), not the lawyer who was allegedly negligent in failing to sue the injurer." *Woodward*, 291 Ill. App. 3d at 814.

Section 5(b) explicitly refers to the "injury or death" suffered by an employee that gives rise to payment of workers' compensation benefits. An attorney who commits malpractice cannot be considered the person liable for the employee's "injury or death." The attorney who commits malpractice is legally liable to the employee only because of his or her failure to prosecute the employee's third-party suit. Thus, section 5(b) cannot reasonably be

interpreted to support Gates McDonald's position that it has a right to assert a lien against the proceeds of Eastman's legal malpractice case. *Woodward*, 291 Ill. App. 3d 807; *Mosier v. Warren E. Danz, P.C.*, 302 Ill. App. 3d 731 (1999); see also *In re Worker's Compensation Lien*, 231 Mich. App. 556, 562, 591 N.W.2d 221, 224-25 (1998) (construing statutory language similar to section 5(b) and holding that "[the employee's attorneys] did not cause the injury that led to the compensation payments. Put differently, the circumstances that allegedly caused plaintiff's injury did not 'create' a legal liability in the defendant lawyers"); see generally 6 A. Larson, Workers' Compensation Law § 71.10, at 14—1 (1997) (explaining that third-party actions are permitted in workers' compensation situations because of the "moral idea that the ultimate loss from wrongdoing should fall upon the wrongdoer," *i.e.*, the one who tortiously caused the employee's injury).

Gates McDonald further argues that section 5(b) must be construed so as to allow an employer to assert a lien against an employee's malpractice recovery because, otherwise, the employee would receive a double recovery for his injury, and a principal purpose of section 5(b) would thus be thwarted. See *Scott v. Industrial Comm'n*, 184 Ill. 2d 202, 217 (1998) ("the general principle [is] that an employee is not entitled to a double recovery"); *Reno v. Maryland Casualty Co.*, 27 Ill. 2d 245, 248 (1962) ("The underlying basis of the employer's right to subrogation is the prevention of an unjust enrichment on the part of the employee in the form of a double recovery for the same injury"). Gates McDonald reasons that a double recovery would occur because of the nature of the damages which a plaintiff recovers in a malpractice action. According to Gates McDonald, the measure of damages in a malpractice action brought against an employee's attorney is equal to the total damage award which

the employee would have collected from the third-party tortfeasor in the underlying suit. Given this fact, Gates McDonald maintains that if an employer is not allowed to assert a lien, then the employee who receives a legal malpractice recovery will be placed in a better position than the employee who recovers directly from the tortfeasor and who must reimburse his employer for any workers' compensation benefits received. See *Frazier v. New Jersey Manufacturers Insurance Co.*, 142 N.J. 590, 601-02, 667 A.2d 670, 676 (1995). Gates McDonald maintains that there is no justification for such a result and, therefore, that an employer should be allowed to assert a lien against the employee's malpractice recovery.

In order to recover damages in a legal malpractice action in Illinois, a plaintiff must establish what the result would have been in the underlying action which was improperly litigated by the plaintiff's former attorney. See, *e.g.*, *Nika v. Danz*, 199 Ill. App. 3d 296, 308 (1990) (malpractice plaintiff must litigate a " 'suit within a suit' " or " 'trial-within-a-trial' "), quoting 2 R. Mallen & J. Smith, Legal Malpractice § 27.7, at 641 (3d ed. 1989). The basis of the legal malpractice claim is that the plaintiff would have been compensated for an injury caused by a third party, absent negligence on the part of the plaintiff's attorney. *Nika*, 199 Ill. App. 3d at 308; *Glass v. Pitler*, 276 Ill. App. 3d 344, 349 (1995). The injuries resulting from legal malpractice are not personal injuries but, instead, are pecuniary injuries to intangible property interests. *Glass*, 276 Ill. App. 3d at 349, citing *Gruse v. Belline*, 138 Ill. App. 3d 689 (1985). The plaintiff must affirmatively prove that he suffered actual damages as a result of the attorney's malpractice (*Glass*, 276 Ill. App. 3d at 349), and a plaintiff who obtains recovery in a malpractice suit can be "in no better position by bringing suit against the attorney than if the underlying action against the third-party tortfeasor had been success-

fully prosecuted" (*Bloome v. Wiseman, Shaikewitz, McGivern, Wahl, Flavin & Hesi, P.C.*, 279 Ill. App. 3d 469, 478 (1996)). Thus, a plaintiff's damages in a malpractice suit are limited to the actual amount the plaintiff would have recovered had he been successful in the underlying case.

Gates McDonald's argument that a double recovery would occur in a legal malpractice case is unpersuasive because it fails to account for the fact that, in the underlying tort action, there is a difference between the damages which an employee may initially *collect* from the third-party tortfeasor and the damages which the employee is ultimately entitled to *keep*. See 6 A. Larson, Workers' Compensation Law § 71.20, at 14—13 (1993). The law in Illinois is clear that " '[t]he employee is entitled to retain only that portion of a recovery from the tortfeasor which exceeds the benefits received under the [Workers' Compensation] Act from the employer.' " *McNamee v. Federated Equipment & Supply Co.*, 181 Ill. 2d 415, 421 (1998), quoting *Ullman v. Wolverine Insurance Co.*, 48 Ill. 2d 1, 7 (1970). An employee must reimburse his employer for the workers' compensation benefits received even if the employer does not assert a lien. *Scott. v. Industrial Comm'n*, 184 Ill. 2d 202, 216 (1998) ("section 5(b) provides the employer with a right to recover certain amounts paid or to be paid to an employee where the employee has obtained a third-party judgment or settlement, regardless of whether a lien has been asserted"). Further, any judgment or settlement received from the third party must be offset by the amount of workers' compensation benefits received, even when the employer has waived the right to assert its workers' compensation lien. *Wilson v. Hoffman Group, Inc.*, 131 Ill. 2d 308 (1989). Because the damages the employee would be legally entitled to retain in the underlying tort action equals the total damage award reduced by the

amount of the workers' compensation benefits paid, there would be no double recovery in a legal malpractice suit. The legal malpractice plaintiff is entitled to recover only the property interest lost as a result of the alleged malpractice, an amount necessarily limited to the net amount the plaintiff would have ultimately recovered in the underlying tort case.

A hypothetical example illustrates why a double recovery will not occur in the legal malpractice case. Assume that, in a legal malpractice suit, an injured employee succeeds in proving that if his attorney had sued a third-party tortfeasor, the employee would have been entitled to collect $100,000 from that tortfeasor. Assume too that the employee has previously received $80,000 in workers' compensation benefits from his employer. Gates McDonald's position in the case at bar is that, under these hypothetical facts, if the employer is not allowed to assert a lien against the malpractice recovery, the employee would be overcompensated by $80,000. Under Gates McDonald's reasoning, the employee would receive $100,000 in damages from the attorney and $80,000 in workers' compensation benefits. This result, however, is legally impossible under the Workers' Compensation Act.

In the underlying tort case in the hypothetical, the employee would not be entitled to keep the entire damage award of $100,000. Instead, the employee could legally retain only the excess above the workers' compensation benefits paid, or $20,000. Thus, the employee's damages in the legal malpractice case would be only $20,000 because this is the amount the employee lost as a result of the attorney's malpractice. Therefore, contrary to Gates McDonald's argument, in the absence of an employer's lien, the employee would not receive a double recovery or be unjustly enriched from the malpractice action. The employee would receive $80,000 in workers' compensation benefits and $20,000 in malprac-

tice damages for a total recovery equal to his assessed damages of $100,000. See *Mosier*, 302 Ill. App. 3d at 733-34; see also *Moores v. Greenberg*, 834 F.2d 1105, 1114 (1st Cir. 1987).

We note, moreover, that construing section 5(b) so as to grant an employer the right to assert a lien under the facts of this case would raise serious attorney-client issues. Under section 5(b), an employer has a right to assert a lien on the employee's recovery against the "person" or third party defined in the statute. Section 5(b) also grants the employer the right to directly sue that "person" within three months of the expiration of the applicable limitations period if the employee does not. 820 ILCS 305/5(b) (West 1996); see also *Joseph Schlitz Brewing Co. v. Chicago Rys. Co.*, 307 Ill. 322, 327 (1923) ("the right of the employer to sue is not a new cause of action created by [the Workers' Compensation Act] but is the employee's right of action taken from him and transferred to the employer"). If Gates McDonald's position that the third party or "person" defined in section 5(b) includes the employee's negligent attorney then, under the plain language of section 5(b), the statute would also grant the employer the right to initiate a legal malpractice suit against the employee's attorney for failing to file suit, despite the fact that no attorney-client relationship existed between the employer and the attorney. Such a result would be at odds with the well-established principle that a malpractice plaintiff must prove that the attorney owed the plaintiff a duty of care arising from the attorney-client relationship (*Sexton v. Smith*, 112 Ill. 2d 187, 193 (1986)). See *Woodward*, 291 Ill. App. 3d at 814-15. We must presume that in enacting section 5(b), the legislature did not intend to produce absurd, inconvenient or unjust results. *Baker v. Miller*, 159 Ill. 2d 249, 262 (1994). Accordingly, we conclude that section 5(b) does not allow an employer to assert a lien against an employee's recovery in a legal malpractice suit.

Conclusion

For the foregoing reasons, the judgment of the appellate court is affirmed.

*Affirmed.*