Dennis H. TAYLOR and Shepherd, Smith & Bebel, P.C., Appellants,

v.

Valerie WILSON, Appellee.

No. 14–04–00701–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Oct. 6, 2005.

Rehearing Overruled Nov. 3, 2005.

Samuel Benton Edwards, William Smythe Shepherd, Houston, for appellants.

Wayne H. Paris, Houston, for appellee.

Panel consists of Justices ANDERSON, FROST, and SEYMORE.

## MAJORITY OPINION

JOHN S. ANDERSON, Justice.

This is an interlocutory appeal from the denial of a motion to compel arbitration.[1] Appellants, attorney Dennis Taylor and the law firm of Shepherd, Smith, & Bebel, P.C., seek relief from the trial court's denial of their motion to compel arbitration of Valerie Wilson's claim for legal malpractice. Appellants' brief asserts two issues: (1) whether a suit for legal malpractice is a claim for "personal injury" under Texas Civil Practice and Remedies Code section 171.002(a)(3); and (2) if so, whether the claim must be compelled to arbitration if it is intertwined with a breach of contract claim. We reverse the trial court's order denying the motion to compel arbitration and remand this cause for further proceedings.

### I. BACKGROUND

In 2002, Valerie Wilson retained appellants as legal counsel to represent her on a claim against an investment firm and its broker. Appellants, on Wilson's behalf, filed a claim in arbitration seeking economic damages arising from breach of contract, deceptive trade practices, breach of securities statutes, misrepresentation, and breach of fiduciary duty. Wilson and appellants entered into a Power of Attorney and Contingent Fee Contract (the "agreement") that contains an agreement to arbitrate disputes.[2] After the arbitration

---

1. *See* Tex. Civ. Prac. & Rem.Code Ann. § 171.098(a)(1) (Vernon 2005).

2. In the last paragraph of the agreement, the last sentence provides in bold, "[a]ny dispute arising under or relating to this agreement shall be determined by arbitration in Houston, Texas according to the Arbitration Act." Below this sentence and above the signature line, the agreement further provides in bold type: "I CERTIFY THAT I HAVE HAD THE OPPORTUNITY TO READ THIS AGREEMENT, INCLUDING THE ARBITRATION

claim was filed, the brokerage firm ceased doing business and claimed financial deficits. As a result, appellants entered into settlement discussions with the brokerage firm and ultimately settled Wilson's claim for $40,000. Wilson contends appellants entered into the binding settlement agreement without her authority and in violation of the agreement.

In 2004, Wilson filed suit against appellants alleging legal malpractice, breach of fiduciary duty, and breach of contract, and seeking fee forfeiture. Appellants moved to compel arbitration pursuant to the agreement, and the trial court denied the motion. Appellants now appeal.

## II. Discussion

 A party seeking to compel arbitration must establish the existence of a valid, enforceable arbitration agreement and show the claims asserted fall within the scope of that agreement. *J.M. Davidson, Inc. v. Webster*, 128 S.W.3d 223, 227 (Tex.2003). The trial court's determination of the arbitration agreement's validity is a legal question subject to de novo review. *Id.*

It is undisputed that the parties in this matter entered into an agreement to arbitrate their disputes. On appeal, appellants argue the trial court erred by not compelling Wilson to arbitrate her dispute according to the terms of the agreement.

### A. "Personal Injury"

The trial court denied appellants' motion to compel arbitration because it determined Wilson's legal malpractice action was a claim for "personal injury" pursuant to section 171.002(a)(3) of the Texas Arbitration Act.[3] Tex. Civ. Prac. & Rem.Code Ann. § 171.002(a)(3) (Vernon 2005). The Texas Arbitration Act does not apply to a claim for *personal injury* unless each party to a claim, on the advice of counsel, agrees to arbitrate in writing, and the agreement is signed by each party and each party's attorney. *Id.* § 171.002(a)(3), (c)(1–2) (emphasis added). It is undisputed that the parties did not comply with section 171.002(c)(1–2); therefore, the trial court held the agreement to arbitrate was unenforceable. On appeal, appellants contend the trial court erred because a suit for legal malpractice is not a claim for "personal injury" under the Texas Arbitration Act.

### B. *Miller v. Brewer, In re Hartigan, and In re Godt*

 The issue of whether a suit for legal malpractice is a claim for "personal injury" under the Texas Arbitration Act is an issue of first impression in this court.[4]

PROVISION, AND VOLUNTARILY ENTER INTO THIS AGREEMENT FULLY AWARE OF ALL ITS TERMS AND CONDITIONS."

3. The Texas Arbitration Act is found in sections 171.001–171.098 of the Texas Civil Practice and Remedies Code. *See* Tex. Civ. Prac. & Rem.Code Ann. §§ 171.001–171.098 (Vernon 2005).

4. We note appellants' brief cites various Texas statutes defining "personal injury" in support of their proposition that the Texas Legislature did not intend the term "personal injury" to encompass legal malpractice claims. *See* Tex. Code Crim. Proc. Ann. art. 56.32(10) (Vernon Supp.2004) (stating "personal injury" means physical or mental harm); Tex. Gov't Code Ann. § 615.021(e)(1)(A-B) (Vernon Supp. 2004) (stating "personal injury" means an injury resulting from an external force, an activity, or a disease caused by or resulting from a line-of-duty accident or an illness caused by line-of-duty work under hazardous conditions); Tex. Transp. Code Ann. § 541.401(7) (Vernon 1999) (stating "personal injury" means an injury to any part of the human body that requires treatment). These statutes are consistent with the legislative history of the personal injury exclusion from the Texas Arbitration Act restricting the term to physical personal injury.

Other appellate courts that have addressed the issue are split. *Compare Miller v. Brewer*, 118 S.W.3d 896, 899 (Tex.App.-Amarillo 2003, no pet.) (holding a legal malpractice suit stemming from employment discrimination is not a claim for personal injury), *and In re Hartigan*, 107 S.W.3d 684, 690–91 (Tex.App.-San Antonio 2003, pet. denied) (holding a legal malpractice claim is not a claim for personal injury), *with In re Godt*, 28 S.W.3d 732, 738–39 (Tex.App.-Corpus Christi 2000, no pet.) (holding a legal malpractice claim is a personal injury action for all purposes).

The Corpus Christi Court of Appeals was the first to address this issue, and, relying on three cases, it held a legal malpractice suit is a claim for "personal injury" under the Texas Arbitration Act. *In re Godt*, 28 S.W.3d at 738–39. The *Godt* court relied upon *Willis v. Maverick*, which held a cause of action for legal malpractice is in the nature of a *tort* and is governed by a two-year statute of limitations. 760 S.W.2d 642, 644 (Tex.1988). The other two cases relied upon by the *Godt* court cite *Willis* as authority for the proposition that a legal malpractice action is a claim for "personal injury." *See Sample v. Freeman*, 873 S.W.2d 470, 476–77 (Tex.App.-Beaumont 1994, writ denied) (holding an award for pre-judgment interest in a legal malpractice case is appropriate because a legal malpractice action is a personal injury claim); *Estate of Degley v. Vega*, 797 S.W.2d 299, 302–03 (Tex.App.-Corpus Christi 1990, no writ) (classifying a legal malpractice claim as a claim for personal injury for statute of limitations purposes). However, in *Willis*, the Texas Supreme Court held a legal malpractice claim is in the nature of a *tort* for purposes of determining the statute of limitations, but it did not hold that legal malpractice is a personal injury action. *Willis*, 760 S.W.2d at 644. Thus, *Willis* stands for the proposition that legal malpractice is a tort, but

not for the conclusion that a claim of legal malpractice is a claim for personal injury.

Moreover, the plaintiff's original injury in *Godt* was based on personal injuries suffered from medical malpractice. *Godt*, 28 S.W.3d at 734. In reaching its conclusion, the *Godt* court "apparently relied upon the fact that 'the nature of Godt's complained-of injury in her malpractice claim is an action for personal injury, rather than an action for economic or contractual losses.'" *Miller*, 118 S.W.3d at 898 (quoting *Godt*, 28 S.W.3d at 739). Here, unlike *Godt*, Wilson's underlying claim was for economic losses rather than for personal injury. We reject the *Godt* analysis and reach the same conclusion as that of our other sister courts holding a legal malpractice claim is not a claim for personal injury. *See Miller*, 118 S.W.3d at 897–99; *In re Hartigan*, 107 S.W.3d at 689–91. Our conclusion is buttressed by the legislative history of the personal injury exception to the application of the Texas Arbitration Act.

## C. Legislative History of the Personal Injury Provision in the Texas Arbitration Act

The legislative history regarding the personal injury exception to the Texas Arbitration Act reveals the legislature intended to restrict the scope of the personal injury exception to *physical* personal injury. A summary of the legislative history of the personal injury provision in the Texas Arbitration Act is as follows:

In 1978, the House Judiciary Committee met between legislative sessions to investigate how arbitration could be better used to relieve an increasingly overburdened court system. The committee issued four recommendations designed to increase use of arbitration, then attempted to implement those recommendations via House Bill 15 ("H.B. 15") in

the 66th Legislative Regular Session. The limitation on arbitration for personal injury claims first appeared as an amendment to H.B. 15.

In the second meeting of the House Judiciary Committee on H.B. 15, an amendment was offered to exclude personal injury actions from the [Texas Arbitration Act]. The bill was subsequently referred to a special subcommittee which modified the amendment by allowing arbitration of personal injury actions under the statute so long as the parties to a written agreement could prove they were advised on the implications of arbitration by counsel. The amendment was only concerned with *physical personal injuries,* as it also sought to exclude claims for workers' compensation. The essence of the language in the amendment was agreed to by the Senate, and subsequently adopted into the final version of the bill. The personal injury clause remained substantially unchanged when the 74th Legislature redesignated the [Texas Arbitration Act] from the Civil Statutes to Chapter 171 of the Civil Practice & Remedies Code. The reorganization of the Civil Practice and Remedies Code under the 75th Legislature, which divided the old section 171.001 into two sections, placed the personal injury clause in the new section 171.002 and added the requirement that a personal injury arbitration agreement must be signed by the parties themselves, as well as their attorneys.

Robert J. Kraemer, *Attorney–Client Conundrum: The Use of Arbitration Agreements for Legal Malpractice in Texas,* 33 Sᴛ. Mᴀʀʏ's L.J. 909, 932–34 (2002) (emphasis added) (footnotes omitted). The legislature clearly did not intend to include a claim for legal malpractice within the personal injury exception.

### III. Cᴏɴᴄʟᴜsɪᴏɴ

We find no room for doubt in the legislature's intent to restrict the meaning of the personal injury exception of the Texas Arbitration Act to physical personal injury. Inasmuch as Wilson has not suffered a physical injury, her malpractice claim is not excluded from arbitration.[5] Thus, the trial court erred as a matter of law by finding Wilson's legal malpractice claim was a claim for personal injury. Because we resolve the first issue in appellants' favor, we do not address their second issue. Accordingly, we reverse the trial court's order denying appellants' motion to compel arbitration and remand this cause with instructions to the trial court to enter an order compelling arbitration between appellee, Valerie Wilson, and the appellants, Dennis Taylor and the law firm of Shepherd, Smith & Bebel, P.C., and staying all other proceedings in this matter pending the outcome of the arbitration.

J. FROST concurring.

As pled in her petition, Wilson's alleged mental anguish damages are the result of economic losses caused by an attorney's negligence. When a plaintiff's mental anguish is a consequence of economic losses caused by an attorney's negligence, the plaintiff may not recover damages for that mental anguish. *Douglas v. Delp,* 987 S.W.2d 879, 885 (Tex. 1999). Thus, Wilson's mental anguish damages are not recoverable, and cannot support her assertion that her claim is one for a physical personal injury.

---

5. Wilson's first amended original petition asserted legal malpractice, breach of fiduciary duty and breach of contract claims against appellants. Wilson also claimed damages proximately caused by those acts amounted to, among other amounts, $500,000 in mental anguish damages. While Wilson does not assert on appeal that her claim for mental anguish damages bolsters her argument that her claim is one for personal injury, the issue is fairly raised in this appeal.

FROST, J., concurring.

The court correctly concludes that the legal malpractice claim does not fall within the statutory exemption for personal injury claims under the Texas Arbitration Act. However, the majority's analysis, which ostensibly relies in part on legislative history, misses the mark. The legislative history for the Texas Arbitration Act is silent with respect to whether "personal injury" includes legal malpractice, but even if it were not, there is no reason to look to legislative history because, under the unambiguous meaning of the statute, a legal malpractice claim is not a claim for personal injury.

The Texas Arbitration Act is contained in Chapter 171 of the Texas Civil Practice and Remedies Code. See TEX. CIV. PRAC. & REM. CODE ANN. § 171.001, et seq. Section 171.002, entitled "Scope of Chapter" states:

> (a) This chapter does not apply to:
>
> . . .
>
> (3) a claim for personal injury, except as provided by Subsection (c);
>
> . . .
>
> (c) A claim described by Subsection (a)(3) is subject to this chapter if:
>
> (1) each party to the claim, on the advice of counsel, agrees in writing to arbitrate; and
>
> (2) the agreement is signed by each party and each party's attorney.

TEX. CIV. PRAC. & REM. CODE ANN. § 171.002 (Vernon 2005). The parties did not comply with 171.002(c); therefore, if the legal malpractice claim is a claim for personal injury, it is subject to the Texas Arbitration Act. Thus, the outcome of this case turns on the meaning of "personal injury" as used in section 171.002(a)(3) and whether a legal malpractice claim falls within its scope.

As noted in the majority opinion, Texas courts are divided on this issue. Compare Miller v. Brewer, 118 S.W.3d 896, 899 (Tex.App.-Amarillo 2003, no pet.) (holding a legal malpractice suit stemming from employment discrimination is not a claim for personal injury), and In re Hartigan, 107 S.W.3d 684, 690–91 (Tex.App.-San Antonio 2003, pet. denied) (holding a legal malpractice claim is not a claim for personal injury), with In re Godt, 28 S.W.3d 732, 738–39 (Tex.App.-Corpus Christi 2000, no pet.) (holding a legal malpractice claim is a personal injury action for all purposes).

The term "personal injury" has been used in both a narrow sense of "bodily injury" and a broader sense, meaning a personal wrong, including libel, slander, malicious prosecution, assault, and false imprisonment, as well as bodily injury. See Gray v. Wallace, 319 S.W.2d 582, 583–84 (Mo.1958); Soukop v. Employers' Liability Assur. Corp., 341 Mo. 614, 108 S.W.2d 86, 90 (1937). ("The words 'personal injuries' as defined by lexicographers, jurists, and text-writers and by common acceptance, denote an injury either to the physical body of a person or to the reputation of a person, or to both."); BLACK'S LAW DICTIONARY 707 (5th ed.1979) (defining "personal injury" as follows: "In a narrow sense, a hurt or damage done to a man's person, such as a cut or a bruise, a broken limb, or the like, as distinguished from an injury to his property or his reputation . . . the term is also used (chiefly in statutes) in a much wider sense, and as including any injury which is an invasion of personal rights, and in this signification it may include such injuries to the person as libel or slander, criminal conversation, malicious prosecution, false imprisonment, and mental suffering."). Regardless of whether torts that do not cause bodily injury, such as libel, slander, and malicious prosecution, constitute "a claim for personal injury" under section 171.002(a)(3), un-

der either the narrow or broad definition of "personal injury," a legal malpractice claim is not a personal-injury claim. Legal malpractice does not involve bodily injury, and it does not involve injuries to rights regarding the person.

Other states considering the issue in the context of which statute of limitations to apply to legal malpractice claims, have found legal malpractice is not a personal injury claim. For example, the New Jersey Supreme Court reasoned that "the gravamen of legal-malpractice actions is injury to the rights of another, not personal injury." *McGrogan v. Till,* 167 N.J. 414, 771 A.2d 1187, 1192 (2001); *see also Neel v. Magana, Olney, Levy, Cathcart & Gelfand,* 6 Cal.3d 176, 98 Cal.Rptr. 837, 840, 491 P.2d 421(1971) (noting that legal malpractice causes damage to "intangible property interests"); *Higa v. Mirikitani,* 55 Haw. 167, 517 P.2d 1, 4 (1973) (commenting that "virtually all claims for legal malpractice [concern] a non-physical injury to an intangible interest of the plaintiff"); *Acharya v. Carroll,* 152 Wis.2d 330, 448 N.W.2d 275, 279 (Ct.App.1989) (" 'With few exceptions, . . . the courts have concluded that legal malpractice does not cause personal injuries and, therefore, is not governed by a personal injury tort statute of limitations.' ") (quoting 2 Ronald E. Mallen & Jeffrey M. Smith, *Legal Malpractice* 18.6 at 75–76 (3d ed.1989)). The *McGrogan* court relied on the analysis from an earlier case in which the court reasoned that "a legal-malpractice action was not 'a personal injury claim but rather an assertion that an attorney engaged for a particular purpose was negligent in the handling of it, resulting in pecuniary loss to appellant.' " *McGrogan,* 771 A.2d at 1193. Likewise, a Tennessee court found that legal malpractice is a claim in which "the injury is not to the person but the negligent failure of the attorney to perform" his or her professional obligation. *Hillhouse*

*v. McDowell,* 219 Tenn. 362, 410 S.W.2d 162, 166 (1966).

The Supreme Court of Illinois reasoned that the "basis of the legal malpractice claim is that the plaintiff would have been compensated for an injury caused by a third party, absent negligence on the part of the plaintiff's attorney." *Eastman v. Messner,* 188 Ill.2d 404, 242 Ill.Dec. 623, 721 N.E.2d 1154, 1158 (1999). Thus, the court came to the conclusion that the "injuries resulting from legal malpractice are not personal injuries but, instead, are pecuniary injuries to intangible property interests." *Id.* Likewise, the Supreme Court of Pennsylvania, in determining whether a legal malpractice claim was for damages for personal injury, concluded that "a claim for damages based upon legal malpractice does not involve personal injury in that it arises out of negligence and breach of contract, and the injury alleged concerns purely pecuniary interests." *Hedlund Mfg. Co. v. Weiser, Stapler & Spivak,* 517 Pa. 522, 539 A.2d 357, 359 (1988). Pennsylvania's high court reasoned that the rights involved are more akin to property rights. *See id.*

In sum, though the nature of a legal-malpractice claim may vary, it is fundamentally a claim for damage to the claimant's intangible interest, not to a personal right seeking redress for injury to one's body, mind, or emotions. Applying a plain-meaning analysis, a legal malpractice claim is not a claim for personal injury.

The majority emphasizes the legislative history of the statute, which the majority claims evinces a legislative intent to restrict the scope of "personal injury" to "physical injury." This is not an accurate characterization of the legislative history. As stated in the law review comment on which the majority relies, an amendment was added to the 1979 legislation in ques-

tion, creating the exceptions that are now codified at section 171.002(a)(3),(4) of the Texas Civil Practice and Remedies Code. *See* Robert J. Kraemer, *Attorney–Client Conundrum: The Use of Arbitration Agreements for Legal Malpractice in Texas,* 33 St. Mary's L.J. 909, 932–34 (2002). As noted by the author of the comment, "[t]hroughout this evolution in the statute, no discussion or consideration is on record that the original legislative intent for the personal injury provision under Section 171.002 included or excluded legal malpractice." Kraemer, 33 St. Mary's L.J. at 934. Furthermore, the legislative history is silent as to whether the Texas Legislature intended to use "personal injury" in the narrower sense of bodily injury. The only support in the one authority (the law review comment) the majority cites is the author's statement that "[t]he amendment was only concerned with physical personal injuries, as it also sought to exclude claims for workers' compensation." Kraemer, 33 St. Mary's L.J. at 933. However, the only authority cited for this proposition is the text of the statute itself. *See* Kraemer, 33 St. Mary's L.J. at 933, n.139. This is not part of the legislative history at all—it is the opinion of the author of a comment in 2002 as to the unstated intent of legislators in enacting a statute in 1979. *See In re Sullivan,* 157 S.W.3d 911, 918–19 (Tex. App.-Houston [14th Dist.] 2005, mand. denied) (stating that statements of nonlegislators made after the enactment of the legislation at issue are not legislative history and are not relevant to the construction of the statute). Furthermore, the comment author bases his opinion on the statute's exclusion of all workers' compensation claims, regardless of whether the agreement to arbitrate is in writing and signed by each party's attorney. It is not reasonable to conclude that the legislature

intended to limit "personal injury claims" to physical personal injury simply because the legislature was simultaneously considering an exemption for workers' compensation claims.

Since at least the early part of the last century, Texas courts have recognized claims such as libel, slander, and false imprisonment—none of which involve physical injury—as personal injury claims. Over a century ago, in *Houston Printing Co. v. Dement,* the court, holding that libel and slander are included in the term "personal injuries," explained:

> That injuries to the physical man are generally meant by the expression "personal injuries" may be conceded, but it is nevertheless true that injuries to the reputation and to the health have ever been classed and treated by law writers as personal injuries. The absolute rights of each individual are the rights of personal security and injuries against the life, the limb, the body, the health, or the reputation of the individual.

44 S.W. 558, 560 (Tex.Civ.App. 1898, writ denied); *accord Brewster v. Baker,* 139 S.W.2d 643, 645 (Tex.Civ.App.-Beaumont 1940, no writ) (stating that "[d]amage to character as the result of slander or libel is a personal injury"). Thus, the majority's analysis seems to overlook how Texas courts have interpreted the term "personal injury claim."

Appellants assert—and the majority seems to agree—that because various Texas statutes define "personal injury" in a way that suggests the term is limited to physical injuries,[1] we should apply that same meaning in determining if legal malpractice claims fall within the scope of section 171.002(a)(3) of the Texas Arbitration Act. If anything, the fact that the legislature chose to define the term "per-

---

1. *See* Majority Opinion, 180 S.W.3d at 629, n.4.

sonal injury" in other statutes in a way that differs from both case law and ordinary usage, but did not do so in the Texas Arbitration Act tends to suggest that the legislature did *not* intend the term to be used in the more restrictive sense (that is, to limit it to physical injuries) in the Texas Arbitration Act. But the question of whether "personal injury" in the Texas Arbitration Act is restricted to "physical injury" is a question this court need not and should not answer today. Based on a plain-meaning analysis of the statute, the court should simply hold that a legal malpractice claim is not a claim for "personal injury" under the Texas Arbitration Act.

In sum, the court is correct to the extent it concludes that legal malpractice is not included in "personal injury" as that term is used in section 171.002(a)(3) of the Texas Civil Practice and Remedies Code. However, the court errs in relying on an after-the-fact opinion as to legislative intent as if it were part of the legislative history. Furthermore, the court need not and should not decide today the issue of whether a "claim for personal injury" as used in this statute is limited to physical injury.