NUMBER 13-06-469-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


 


ROBERT S. BENNETT, INDIVIDUALLY Appellants,

AND THE BENNETT LAW FIRM, P.C.


v. 


STEPHEN T. LEAS, Appellee.

 

 

On appeal from the County Court at Law No. 4 

of Hidalgo County, Texas


 


DISSENTING MEMORANDUM OPINION



Before Chief Justice Valdez and Justices Yañez and Vela


Dissenting Memorandum Opinion by Justice Vela


 

 I dissent from the majority's opinion because I do not agree that a legal malpractice
claim can be broadly construed as personal injury claim for purposes of the Texas
Arbitration Act. See Tex. Civ. Prac. & Rem. Code Ann. § 171.002(a)(3) (Vernon 2005). 
The majority correctly sets forth the holdings of three sister courts that disagree with our
holding in, In re Godt, that a legal malpractice case is a personal injury claim and exempt
under the Texas Arbitration Act. In re Godt, 28 S.W.3d 732, 738-39 (Tex. App.-Corpus
Christi 2000, orig. proceeding); contra Taylor v. Wilson, 180 S.W.3d 627, 631 (Tex.
App.-Houston [14th Dist.] 2005, pet. denied); Miller v. Brewer, 118 S.W.3d 896, 898 (Tex.
App.-Amarillo 2003, no pet.) (per curiam); In re Hartigan, 107 S.W.3d 684, 690 (Tex.
App.-San Antonio 2003, orig. proceeding). The cases, disapproving Godt, point out that
Willis v. Maverick, the underlying authority for this Court's reasoning, does not really
support the Court's holding. See Willis v. Maverick, 760 S.W.2d 642, 644 (Tex. 1988). 
This Court relied on Willis as authority for the proposition that a legal malpractice claim is
one for tort, and therefore is also a claim for personal injury. Id. Willis held only that a
legal malpractice case qualifies as a tort in order to apply the two year statute of limitations.
Id. The issue in Willis was limitations, not the nature of a legal malpractice claim. See
Robert J. Kraemer, Attorney-Client Conundrum: The Use of Arbitration Agreements for
Legal Malpractice in Texas, 33 St. Mary's L.J. 909, 930 (2002). 

 In addition to Willis, Godt relied on two derivative cases to support its holding. Two
years after Willis, this Court held that legal malpractice qualified as a personal injury action
for purposes of applying a two year statute of limitations. Estate of Degley v. Vega, 797
S.W.2d 299, 302-03 (Tex. App.-Corpus Christi 1990, no writ). Again, this Court cited Willis
as authority for the proposition that a legal malpractice case is a personal injury claim. Id. 
However, the words "personal injury" do not appear anywhere in the Willis opinion. The
second was Sample v. Freeman, which also relied on Willis for the same proposition. 
Sample v. Freeman, 873 S.W.2d 470, 476 (Tex. App.-Beaumont 1994, writ denied). Thus,
our opinions in Godt and the majority opinion in this case ultimately rely on a proposition
of law attributed to Willis, but not actually determined by the supreme court in Willis. That,
however, only begins the inquiry. 

 The Texas Arbitration Act does not apply to claims for personal injury. Tex. Civ.
Prac. & Rem. Code Ann. § 171.002 (a)(3). There is a strong presumption favoring
arbitration that generally requires we resolve disputes as to the scope of the agreement in
favor of coverage. In re Kellogg, Brown & Root, Inc., 166 S.W.3d 732, 737 (Tex. 2005). 
In disagreeing with Godt, the Taylor court relied on the legislative history of the Texas
Arbitration Act. See Taylor, 180 S.W.3d at 630-31. According to Taylor, the legislative
history focused on the exemption of workers' compensation claims from arbitration. Id. at
631; Tex. Civ. Prac. & Rem. Code Ann. § 171.002(a)(4). The Taylor court reasoned that
a 1978 amendment allowed arbitration of personal injury actions so long as the parties
could prove they were advised on the implications of arbitration by counsel. Id. Taylor
states that the amendment was only concerned with physical personal injuries because
it also sought to exclude workers' compensation claims. Id. But even this analysis seems
to come up short. 

 The concurring opinion in Taylor presents a more persuasive argument. It states
that it makes no sense that the legislature intended to limit personal injury claims to
physical personal injury solely because the legislature also was considering an exemption
for workers' compensation claims. Id. at 634 (Frost, J., concurring). Rather, the
concurrence argues that an analysis of the plain meaning of the statute should result in a
simple holding that a legal malpractice case is not a claim for personal injury. Id. at 635.

 I would begin by looking to the definition of personal injury as well as the type of
damages sought in deciding if legal malpractice cases, in general, and, in particular, this
legal malpractice case, are claims for personal injury. A "personal injury" is defined as: 
"In a negligence action, any harm caused to a person, such as a broken bone, a cut or a
bruise; bodily injury. 2. Any invasion of a personal right, including mental suffering and
false imprisonment." Black's Law Dictionary 651 (8th ed. 2004). 

 The crux of a malpractice claim is that a party would have been compensated for
an injury but for the negligence of the attorney. See Taylor v. Wilson, 180 S.W.3d at 633
(citing Eastman v. Messner, 721 N.E.2d 1154, 1158 (Ill.1999) (Frost, J., concurring). It is
generally a pecuniary injury to intangible property. Id. Fundamentally, a legal malpractice
claim is not a personal right "seeking redress for injury to one's body, mind, or emotions." 
Id. Rather, it is a claim for an intangible interest. Id.

 Recently, the supreme court iterated that when an attorney's malpractice results in
financial loss, the aggrieved client is fully compensated by recovery of that loss; the client
may not recover damages for mental anguish or other personal injuries. Belt v.
Oppenheimer, Blend, Harrison & Tate, 192 S.W.3d 780, 784 (Tex. 2006). In Tate, the
court held that estate planning malpractice claims seeking purely economic loss are limited
to recovery for property damage. Id. While the supreme court, in Tate, certainly did not
say legal malpractice cases are not personal injury cases, it opined that, when the
damages are financial loss, a party is fully compensated by recovery of that loss. Id. 
Earlier, the supreme court denied mental anguish damages caused by economic loss in
a legal malpractice case. Douglas v. Delp, 987 S.W.2d 879, 885 (Tex. 1999). 

 Here, appellee does not plead those types of damages generally associated with
"personal injury." Rather, his petition urges that he "was and is being damaged
economically due to the said failures of defendant to exercise the requisite degree of care
and skill, which damage is continuing to accrue." Financial losses are not personal injury
damages. Hencerling v. Tex. A & M Univ., 986 S.W.2d 373, 375 (Tex. App.-Houston [1st
Dist.] 1999, pet. denied). 

 Taking into consideration the general definition of personal injury, the nature of a
malpractice action and the damages generally suffered as a result of an attorney's
negligence in such a claim, this claim was not one for personal injury. Again, I agree with
the concurring opinion in Taylor that legal malpractice claims do not involve bodily injury
or the invasion of a personal right. Taylor, 180 S.W.3d at 632. 

 Accordingly, I would overrule our precedent and hold that a legal malpractice case
is not a claim for personal injury. Therefore, it should not be exempt from arbitration under
section 171.002(a)(3) of the Texas Arbitration Act. I would sustain appellant's second and
third issues and address appellant's remaining issues. 

 

 

 ROSE VELA

 Justice


Dissenting Memorandum Opinion delivered

and filed this 26th day of June, 2008.