

## NUMBER 13-06-469-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

---

ROBERT S. BENNETT, INDIVIDUALLY           **Appellants,**
AND THE BENNETT LAW FIRM, P.C.

**v.**

STEPHEN T. LEAS,           **Appellee.**

---

### On appeal from the County Court at Law No. 4
### of Hidalgo County, Texas

---

## DISSENTING MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Yañez and Vela
### Dissenting Memorandum Opinion by Justice Vela

I dissent from the majority's opinion because I do not agree that a legal malpractice claim can be broadly construed as personal injury claim for purposes of the Texas Arbitration Act. *See* Tex. Civ. Prac. & Rem. Code Ann. § 171.002(a)(3) (Vernon 2005).

The majority correctly sets forth the holdings of three sister courts that disagree with our holding in, *In re Godt,* that a legal malpractice case is a personal injury claim and exempt under the Texas Arbitration Act. *In re Godt*, 28 S.W.3d 732, 738-39 (Tex. App.–Corpus Christi 2000, orig. proceeding); *contra Taylor v. Wilson*, 180 S.W.3d 627, 631 (Tex. App.–Houston [14th Dist.] 2005, pet. denied); *Miller v. Brewer*, 118 S.W.3d 896, 898 (Tex. App.–Amarillo 2003, no pet.) (per curiam); *In re Hartigan*, 107 S.W.3d 684, 690 (Tex. App.–San Antonio 2003, orig. proceeding). The cases, disapproving *Godt,* point out that *Willis v. Maverick*, the underlying authority for this Court's reasoning, does not really support the Court's holding. *See Willis v. Maverick,* 760 S.W.2d 642, 644 (Tex. 1988). This Court relied on *Willis* as authority for the proposition that a legal malpractice claim is one for tort, and therefore is also a claim for personal injury. *Id*. *Willis* held only that a legal malpractice case qualifies as a tort in order to apply the two year statute of limitations. *Id*. The issue in *Willis* was limitations, not the nature of a legal malpractice claim. *See* Robert J. Kraemer, *Attorney-Client Conundrum: The Use of Arbitration Agreements for Legal Malpractice in Texas,* 33 St. Mary's L.J. 909, 930 (2002).

In addition to *Willis*, *Godt* relied on two derivative cases to support its holding. Two years after *Willis*, this Court held that legal malpractice qualified as a personal injury action for purposes of applying a two year statute of limitations. *Estate of Degley v. Vega*, 797 S.W.2d 299, 302-03 (Tex. App.–Corpus Christi 1990, no writ). Again, this Court cited *Willis* as authority for the proposition that a legal malpractice case is a personal injury claim. *Id.* However, the words "personal injury" do not appear anywhere in the *Willis* opinion. The second was *Sample v. Freeman*, which also relied on *Willis* for the same proposition. *Sample v. Freeman,* 873 S.W.2d 470, 476 (Tex. App.–Beaumont 1994, writ denied). Thus,

our opinions in *Godt* and the majority opinion in this case ultimately rely on a proposition of law attributed to *Willis*, but not actually determined by the supreme court in *Willis*. That, however, only begins the inquiry.

The Texas Arbitration Act does not apply to claims for personal injury. TEX. CIV. PRAC. & REM. CODE ANN. § 171.002 (a)(3). There is a strong presumption favoring arbitration that generally requires we resolve disputes as to the scope of the agreement in favor of coverage. *In re Kellogg, Brown & Root, Inc.*, 166 S.W.3d 732, 737 (Tex. 2005). In disagreeing with *Godt,* the *Taylor* court relied on the legislative history of the Texas Arbitration Act. *See Taylor,* 180 S.W.3d at 630-31. According to *Taylo*r, the legislative history focused on the exemption of workers' compensation claims from arbitration. *Id*. at 631; TEX. CIV. PRAC. & REM. CODE ANN. § 171.002(a)(4). The *Taylor* court reasoned that a 1978 amendment allowed arbitration of personal injury actions so long as the parties could prove they were advised on the implications of arbitration by counsel. *Id.* *Taylor* states that the amendment was only concerned with physical personal injuries because it also sought to exclude workers' compensation claims. *Id.* But even this analysis seems to come up short.

The concurring opinion in *Taylor* presents a more persuasive argument. It states that it makes no sense that the legislature intended to limit personal injury claims to physical personal injury solely because the legislature also was considering an exemption for workers' compensation claims. *Id.* at 634 (Frost, J., concurring). Rather, the concurrence argues that an analysis of the plain meaning of the statute should result in a simple holding that a legal malpractice case is not a claim for personal injury. *Id.* at 635.

I would begin by looking to the definition of personal injury as well as the type of

3

damages sought in deciding if legal malpractice cases, in general, and, in particular, this legal malpractice case, are claims for personal injury. A "personal injury" is defined as: "In a negligence action, any harm caused to a person, such as a broken bone, a cut or a bruise; bodily injury. 2. Any invasion of a personal right, including mental suffering and false imprisonment." BLACK'S LAW DICTIONARY 651 (8th ed. 2004).

The crux of a malpractice claim is that a party would have been compensated for an injury but for the negligence of the attorney. *See Taylor v. Wilson*, 180 S.W.3d at 633 (citing *Eastman v. Messner*, 721 N.E.2d 1154, 1158 (Ill.1999) (Frost, J., concurring). It is generally a pecuniary injury to intangible property. *Id*. Fundamentally, a legal malpractice claim is not a personal right "seeking redress for injury to one's body, mind, or emotions." *Id*. Rather, it is a claim for an intangible interest. *Id*.

Recently, the supreme court iterated that when an attorney's malpractice results in financial loss, the aggrieved client is fully compensated by recovery of that loss; the client may not recover damages for mental anguish or other personal injuries. *Belt v. Oppenheimer, Blend, Harrison & Tate*, 192 S.W.3d 780, 784 (Tex. 2006). In *Tate*, the court held that estate planning malpractice claims seeking purely economic loss are limited to recovery for property damage. *Id.* While the supreme court, in *Tate*, certainly did not say legal malpractice cases are not personal injury cases, it opined that, when the damages are financial loss, a party is fully compensated by recovery of that loss. *Id*. Earlier, the supreme court denied mental anguish damages caused by economic loss in a legal malpractice case. *Douglas v. Delp*, 987 S.W.2d 879, 885 (Tex. 1999).

Here, appellee does not plead those types of damages generally associated with "personal injury." Rather, his petition urges that he "was and is being damaged

4

economically due to the said failures of defendant to exercise the requisite degree of care and skill, which damage is continuing to accrue." Financial losses are not personal injury damages. *Hencerling v. Tex. A & M Univ.*, 986 S.W.2d 373, 375 (Tex. App.–Houston [1st Dist.] 1999, pet. denied).

Taking into consideration the general definition of personal injury, the nature of a malpractice action and the damages generally suffered as a result of an attorney's negligence in such a claim, this claim was not one for personal injury. Again, I agree with the concurring opinion in *Taylor* that legal malpractice claims do not involve bodily injury or the invasion of a personal right. *Taylor,* 180 S.W.3d at 632.

Accordingly, I would overrule our precedent and hold that a legal malpractice case is not a claim for personal injury. Therefore, it should not be exempt from arbitration under section 171.002(a)(3) of the Texas Arbitration Act. I would sustain appellant's second and third issues and address appellant's remaining issues.


ROSE VELA
Justice


Dissenting Memorandum Opinion delivered
and filed this 26th day of June, 2008.


5