

# NUMBER 13-11-00757-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

ROYSTON, RAYZOR, VICKERY
& WILLIAMS, L.L.P.,                                           Appellant,

## v.

FRANCISCO "FRANK" LOPEZ,                                      Appellee.

---

On appeal from the 148th District Court
of Nueces County, Texas.

---

# NUMBER 13-12-00023-CV

# IN RE ROYSTON, RAYZOR, VICKERY & WILLIAMS, LLP

## On Petition for Writ of Mandamus

---

# DISSENTING OPINION

**Before Chief Justice Valdez and Justices Benavides and Perkes**
**Dissenting Opinion by Justice Perkes**

The majority opines that the arbitration agreement between Royston, Rayzor, Vickery, & Williams, P.C. ("Royston Rayzor") and Francisco Lopez is unconscionable. I dissent because I do not believe that Lopez met his affirmative burden to show that the agreement was unconscionable. Further, because the record also shows Lopez failed to meet his burden to establish the applicability of any other affirmative defense to arbitration, I would reverse and remand the case to the trial court for entry of an order compelling arbitration.

Lopez claimed only substantive unconscionability. His argument is based upon a clause that required him to arbitrate all claims against Royston Rayzor, but Royston Rayzor's fee claims were excluded from the arbitration agreement. The unconscionability of a contract is a question of law for the court. *Ski River Dev., Inc. v. McCalla*, 167 S.W.3d 121, 136 (Tex. App.—Waco 2005, pet. denied). The party asserting unconscionability has the burden of proving both procedural and substantive unconscionability. *Id.* The grounds for substantive unconscionability must be so shocking or gross as to compel a court to intercede. *LeBlanc v. Lange*, 365 S.W.3d 70, 88 (Tex. App.—Houston [1st Dist.] 2011, no pet.). The principle involved is "one of preventing oppression and unfair surprise and not of disturbing allocation of risks because of superior bargaining power." *In re FirstMerit Bank, N.A.*, 52 S.W.3d 749, 757 (Tex. 2001). The mere exclusion of claims by only one party is not the kind of shocking unfairness required to invalidate an arbitration clause. *Id.* at 758; *In re Peoples Choice Home Loan, Inc.*, 225 S.W.3d 35, 46 (Tex. App.—El Paso 2005, orig. proceeding) (finding

2

arbitration clause was not substantively unconscionable even though certain of lender's judicial remedies were exempt from the scope of the clause).

Lopez presented absolutely no unconscionability evidence at the hearing. He did not testify, submit an affidavit, or present any other evidence to the trial court. Rather, he is arguing that the fact the arbitration agreement arose between a lawyer and prospective client makes the contract unconscionable, at the outset. A fiduciary relationship may arise prior to the creation of an attorney-client relationship. But, Lopez did not put on any evidence regarding the discussions or negotiations to show what occurred here. *See In re Pham*, 314 S.W.3d 520, 527 (Tex. App.—Houston [14th Dist.] 2010, orig. proceeding).

I would hold that Lopez failed to carry his burden to prove his defense of unconscionability, and that the trial court should have granted the relief sought by Royston Rayzor. *See In re FirstMerit Bank, N.A.,* 52 S.W.3d at 753–54 ("Once the trial court concludes that the arbitration agreement encompasses the claims, and that the party opposing arbitration has failed to prove its defenses, the trial court has no discretion but to compel arbitration and stay its own proceedings"); *Citigroup Global Mkts. v. Brown*, 261 S.W.3d 394, 400–01 (Tex. App—Houston [14th Dist.] 2008, no pet.) (explaining the burden of proof in presenting a defense to arbitration).

Lopez also pleaded three other affirmative defenses to arbitration: (1) the arbitration clause is precluded by application of the Texas Ethics Committee's Advisory Opinion No. 586; (2) the arbitration agreement is illusory; and (3) his malpractice claim against Royston Rayzor is a personal-injury claim that is not subject to arbitration unless

3

the arbitration agreement complies with Texas Civil Practice and Remedies Code section 171.002.

As recognized by the majority, Opinion No. 586 is advisory and is not legal authority on whether an arbitration agreement between an attorney and client is enforceable, as a matter of law. *See In re Pham*, 314 S.W.3d at 528; *Labidi v. Sydow*, 287 S.W.3d 922, 927 (Tex. App.—Houston [14th Dist.] 2009, no pet.). In the case of *In re Pham*, the Fourteenth Court of Appeals summarized its concern with using Opinion No. 586 to assess arbitration clauses in attorney-client agreements as follows:

> We concluded in *Labidi* that Opinion No. 586 did not impose any restrictions on attorney-client arbitration clauses because (1) such opinions are advisory at best, (2) the commission expressly declined in the opinion to opine on the substantive law concerning arbitration clause enforceability, and (3) substantive law does not include any such restrictions . . . [W]e decline to impose a requirement that attorneys must in all cases fully inform prospective clients regarding the implications of an arbitration clause in an attorney-client contract. This argument is best preserved for the legislature.

314 S.W.3d at 528. Any persuasive value of Opinion No. 586 in setting forth how an arbitration agreement between an attorney and client should be approached in a given case is nullified when, as here, there is no evidence in the record as to the client's sophistication, education, and experience and how the parties reached the arbitration agreement. *See* OP. TEX. ETHICS COMM'N No. 586 (2008) ("The scope of the explanation will depend on the sophistication, education and experience of the client . . . .").

Lopez's argument that the arbitration agreement is unenforceable because it is illusory also fails. As a matter of law, the arbitration agreement before the Court is not illusory—both parties were bound to arbitrate and neither party could unilaterally alter the

scope or applicability of the arbitration agreement. *Compare In re Halliburton Co.*, 80 S.W.3d 566, 570 (Tex. 2002) ("Halliburton cannot avoid its promise to arbitrate by amending the provision or terminating it altogether. Accordingly, the provision is not illusory.") *with In re C&H News Co.,* 133 S.W.3d 642, 647 (Tex. App.—Corpus Christi 2003, no pet.) (concluding arbitration agreement was illusory because employer could "unilaterally amend the types of claims subject to arbitration").

Finally, I would hold Lopez's legal malpractice claim against Royston Rayzor is not a personal-injury claim under the plain language of Texas Civil Practice and Remedies Code section 171.002 and thus the requirements of that section are inapplicable to bar arbitration in this case. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 171.002 (a)(3),(c) (West 2011); *see also In re Pham*, 314 S.W.3d 525 ("legal malpractice claims do not constitute personal injury claims for purposes of section 171.002"); *Taylor v. Wilson*, 180 S.W.3d 627, 632 (Tex. App.—Houston [14th Dist.] 2005, pet. denied) (Frost, J., concurring) (demonstrating that a legal malpractice claim is not a claim for personal injury). I recognize this holding would conflict with this Court's precedent that holds a legal-malpractice claim is a personal-injury suit for purposes of section 171.002. *See In re Godt*, 28 S.W.3d 732, 738–39 (Tex. App.—Corpus Christi 2000, orig. proceeding) (holding a legal malpractice suit arising from a lawyer's handling of a personal-injury claim is a personal-injury claim for purposes of section 171.002); *see also Bennett v. Leas*, No. 13-06-469-CV, 2008 WL 2525403, at *7 (Tex. App.—Corpus Christi June 26, 2008, pet. abated) (holding legal malpractice claim arising from lawyer's handling of grievance matters is a personal-injury claim for purposes of section 171.002). However, if this

5

panel were to address this issue by majority opinion, I would request that this Court consider this case en banc for the purpose of overruling *In re Godt* and *Bennett* as incorrectly decided.   *See Bennett*, 2008 WL 2525403, at *8 (Vela, J., dissenting) (" . . . I would overrule our precedent and hold that a legal malpractice claim is not a claim for personal injury.").

Because Lopez did not meet his burden to establish his affirmative defenses to arbitration, I would reverse and remand with an instruction to the trial court to grant Royston Rayzor's motion to compel arbitration.   *See* TEX. R. APP. P. 43.2(d); *Sidley Austin Brown & Wood, LLP v. J.A. Green Dev. Corp.*, 327 S.W.3d 859, 862 (Tex. App.—Dallas 2010, no pet.).

GREGORY T. PERKES<br>
Justice

Delivered and filed the
27th day of June, 2013.