Docket No. 87248–Agenda 38–September 1999.

GEORJEANIA McKINNEY, Appellant, v. ALLSTATE INSURANCE COMPANY, Appellee.

Opinion filed December 16, 1999.

JUSTICE RATHJE delivered the opinion of the court:

At issue in this appeal is whether a limitation of liability clause in an automobile insurance policy unambiguously limited all claims arising out of a person’s death to a single per person limit. The circuit court of Cook County held that it did not and entered summary judgment for plaintiff, Georjeania McKinney. Finding the policy unambiguous, the appellate court reversed the summary judgment for plaintiff and entered summary judgment for defendant, Allstate Insurance Company. No. 1–98–0924 (unpublished order under Supreme Court Rule 23). Plaintiff appeals, and we now affirm the appellate court.

BACKGROUND

On January 2, 1996, Rashaud McKinney was driving a vehicle in which his father, Gregory McKinney, and sister, Ashley McKinney, were passengers. The car left the road, and Gregory McKinney died as a result of the accident. Rashaud and Ashley survived the accident, but Ashley was injured.

Gregory was insured under a policy with Allstate. Pursuant to the policy’s resident relative exclusion, Rashaud was considered an uninsured motorist. The policy provides liability limits for uninsured-motorist coverage of $100,000 per person and $300,000 per occurrence. The limits of liability clauses in the policy provide as follows:

“1. ‘each person’ is the maximum that we will pay for damages arising out of bodily injury to one person in any one motor vehicle accident, including damages sustained by anyone else as a result of that bodily injury.

2. ‘each accident’ is the maximum we will pay for damages arising out of bodily injury to two or more persons in any one motor vehicle accident. This limit is subject to the limit for ‘each person.’ ”

Georjeania McKinney, individually, as administratrix of Gregory’s estate, and as mother and next friend of Ashley, filed a complaint for declaratory judgment. In the complaint, plaintiff sought a determination that the liability limits of the policy should be applied as follows: Gregory’s estate had a Survival Act claim, subject to a $100,000 limit; Ashley had a claim for her own injuries, subject to a separate $100,000 limit; and Ashley and Georjeania each had separate claims pursuant to the Wrongful Death Act, subject to separate $100,000 limits. All of these claims would be subject to the aggregate $300,000 limit for the accident. Allstate answered the complaint, arguing that Ashley’s claims for her own injuries were separate and distinct, but that all claims arising from the death of Gregory were subject to one $100,000 limit.

Plaintiff then filed a “motion to declare coverage” in which she asked the trial court to declare that Georjeania and Ashley could each seek up to $100,000 for their wrongful death claims and that Ashley could seek an additional $100,000 for her personal injuries. The aggregate $300,000 liability limit would apply to these claims. Allstate filed a motion for summary judgment, arguing that it had paid the $100,000 limit pursuant to the Survival Act claim and that its liability under the policy for claims arising out of Gregory’s death had been extinguished. The trial court granted plaintiff’s motion and denied defendant’s, finding that the policy was ambiguous and that the aggregate $300,000 limit applied to the wrongful death claims of Georjeania and Ashley and the personal injury claim of Ashley. Allstate appealed, and the appellate court reversed. The appellate court held that the policy unambiguously limited all claims arising from Gregory’s death to a single $100,000 limit.

ANALYSIS

Plaintiff argues that both Georjeania and Ashley were insured persons under the policy and that the wrongful death claims are independent of the Survival Act claim.
(footnote: 1) According to plaintiff, the term “anyone else” in the “each person” limit of liability clause should be read as “anyone else other than an insured person.” Therefore, she contends that the policy can be reasonably interpreted to mean,

“Allstate will pay compensatory damages to which each of you, as its insureds, is entitled ‘because of’ the death of Gregory, the policyholder. However, Allstate will only pay up to $100,000 to each of you as its limit of liability. Furthermore, no matter how many other people may be involved and also be entitled to damages, Allstate will not be liable for more than a total of $300,000 for each accident.”

Plaintiff argues that the above interpretation is as reasonable as that advanced by Allstate, and that the policy is therefore ambiguous. Plaintiff further contends that she had a reasonable expectation of the above coverage.

Allstate argues that the policy is not ambiguous and provides in no uncertain terms that the $100,000 limit is the maximum that can be paid for all damages arising out of Gregory’s death. Allstate further contends that plaintiff’s interpretation would require the court to read additional language into the policy rather than to enforce the policy as written.

The construction of an insurance policy is a question of law subject to 
de novo
 review. 
State Farm Mutual Automobile Insurance Co. v. Villicana
, 181 Ill. 2d 436, 441 (1998). Our primary objective in construing the language of a policy is to ascertain and give effect to the intentions of the parties as expressed in their agreement. 
American States Insurance Co. v. Koloms
, 177 Ill. 2d 473, 479 (1997).  If the terms of the policy are clear and unambiguous, they must be given their plain and ordinary meaning (
Outboard Marine Corp. v. Liberty Mutual Insurance Co.
, 154 Ill. 2d 90, 108 (1992)), but if the terms are susceptible to more than one meaning, they are considered ambiguous and will be construed strictly against the insurer who drafted the policy (
Koloms
, 177 Ill. 2d at 479). Courts will not strain to find ambiguity in an insurance policy where none exists. 
United States Fire Insurance Co. v. Schnackenberg
, 88 Ill. 2d 1, 5 (1981).

In 
Ravenswood Hospital v. Maryland Casualty Co.
, 280 Ill. 103 (1917), this court construed a similar limitation in a medical malpractice policy issued to a hospital. There, the limitation of liability clause provided, “damages on account of injuries to or the death of one person is limited to $5,000, and, subject to the same limit for each person, the company’s total liability for such damages on account of injuries to or the death of any number of persons is limited to $10,000.” 
Ravenswood Hospital
, 280 Ill. at 107. This court concluded that, once $5,000 had been paid as indemnification to the hospital for the injuries suffered by Clara Appel, the insurance company did not have to further reimburse Appel’s husband for loss of consortium damages arising out of Clara’s injuries.  This court explained that the language was plain and clear and specifically limited “appellant’s liability to $5,000 for injury or death to one person, irrespective of the number of persons who may make claim to damages on account of the injury to such person.” 
Ravenswood Hospital
, 280 Ill. at 109.

Similarly, we agree with Allstate that the policy unambiguously provides that the $100,000 limit is applicable to all claims arising out of Gregory’s death. This interpretation gives meaning to every term in the “each person” limitation of liability clause as applied to Gregory. One person, Gregory, received bodily injuries
(footnote: 2) in one motor vehicle accident. The policy provides that $100,000 is the maximum that Allstate will pay for damages arising out of that bodily injury. The final part of the clause reads “including damages sustained by anyone else as a result of that bodily injury.” Plaintiff and Ashley both claimed wrongful death damages arising from Gregory’s bodily injury, and thus clearly fell within the ambit of the $100,000 limit. We agree with Allstate that plaintiff’s interpretation would require us to read additional language into the clause. Plaintiff is correct that Georjeania and Ashley were insured persons under the policy and had wrongful death claims arising out of Gregory’s death. Nevertheless, the policy still unambiguously limited all claims arising out of Gregory’s death to a single $100,000 limit.

 The appellate court has reached the same conclusion in virtually every published case in which similar policy language was construed. See, 
e.g.
, 
Economy Preferred Insurance Co. v. Ingold
, 302 Ill. App. 3d 360 (1998); 
Berutti v. State Farm Mutual Automobile Insurance Co.
, 288 Ill. App. 3d 997 (1997); 
Cross v. Country Cos.
, 188 Ill. App. 3d 847 (1989); 
Creamer v. State Farm Mutual Automobile Insurance Co.
, 161 Ill. App. 3d 223 (1987). The Appellate Court, Fifth District, reached the opposite conclusion in 
Stearns v. Millers Mutual Insurance Ass’n
, 278 Ill. App. 3d 893 (1996), and plaintiff argues that we should follow that decision.
(footnote: 3)
 In 
Stearns
, the court held that the Millers Mutual policy at issue was ambiguous as to whether all claims arising out of one bodily injury were subject to a single limit. That language provided that,

“ ‘The limit of liability shown in the Schedule or in the Declarations for each person for Uninsured Motorists Coverage [$100,000] is our maximum limit of liability for all damages including damages for care, loss of services or death, arising out of “bodily injury” sustained by any one person in any one accident.’ ” 
Stearns
, 278 Ill. App. 3d at 895.

This limitation of liability clause is similar to the one in the Allstate policy except that the Millers Mutual policy uses the phrase “damages for care, loss of services or death arising out of bodily injury” instead of “damages sustained by anyone else as a result of that bodily injury.” By their nature, however, “damages for care, loss of services or death arising out of bodily injury” are damages that can be sustained only by someone else. The 
Stearns
 court found that a reasonable interpretation of the above clause is that each person who is insured under the policy and entitled to compensatory damages is entitled to a separate maximum limit of liability. 
Stearns
, 278 Ill. App. 3d at 897. We disagree. As the Appellate Court, Fourth District, noted in 
Ingold
, the 
Stearns
 court reached that interpretation only by editing the language of the policy to remove all of the language surrounding the term “each person.” 
Ingold
, 302 Ill. App. 3d at 362. The policy at issue in 
Stearns
 clearly and unambiguously limited all damages arising out of bodily injury to one person in one motor vehicle accident to a single $100,000 limit of liability and expressly defined “damages” as including “damages for care, loss of services or death.” Because the 
Stearns
 court found an ambiguity where none existed, we hereby overrule that decision.

CONCLUSION

The appellate court correctly reversed the plaintiff’s summary judgment. The limitation of liability clause in the Allstate policy is not ambiguous and clearly limits all claims arising out of Gregory’s death to a single $100,000 limit. The judgment of the appellate court is affirmed.

Affirmed
.

FOOTNOTES
1:     
1
Both parties to this appeal agree that Ashley has an independent claim for her own personal injuries sustained in the accident.

2:     
2
The policy defines “bodily injury” as “bodily injury, sickness, disease, or death.”

3:     
3
The Fifth District declined to follow 
Stearns
 in a later decision, 
McDonald v. Prudential Property & Casualty Co.
, 304 Ill. App. 3d 422 (1999), finding that the Prudential policy did not contain the same ambiguity as the policy at issue in 
Stearns
.