(text box: 1) NO. 5-00-0817

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

________________________________________________________________________

LARRY C. DOBBS, M.D., and )  Appeal from the

SOUTHERN ILLINOIS )  Circuit Court of

OTOLARYNGOLOGY, INC., )  St. Clair County.

)   

     Plaintiffs-Appellants and Cross-Appellees, )

)

v. )  No. 97-L-819A

)

STATE FARM FIRE AND CASUALTY ) 

COMPANY, )  Honorable

)  Michael J. O'Malley,

     Defendant-Appellee and Cross-Appellant. )  Judge, presiding.

________________________________________________________________________

JUSTICE KUEHN delivered the opinion of the court:

As complicated as this case may have been perceived from the briefs filed by both sides, the case was simplified at oral argument by concessions.  The only real issue is whether the commercial umbrella policy issued by the defendant, State Farm Fire and Casualty Company (State Farm), to Southern Illinois Otolaryngology, Inc. (SIO), covered the plaintiffs, SIO and Dr. Larry C. Dobbs, for a suit based upon gender discrimination
(footnote: 1).  We find that the policy does not provide for such coverage.

Gail Hite was employed by SIO.  On November 27, 1989, Dr. Dobbs sent Gail Hite a letter by which he informed her that SIO was laying her off from work.  Thereafter, on February 1, 1990, Dr. Dobbs permanently terminated Gail Hite's employment.  She filed a complaint with the Equal Employment Opportunity Commission and ultimately received a "right to sue" letter.  On May 22, 1990, she sued Dr. Dobbs and SIO.  She sought back wages and reinstatement to her job, alleging that she was fired on the basis of gender discrimination.  Gail Hite became pregnant during her SIO employment.  She claimed that Dr. Dobbs was the child's father.  She alleged that her employment termination was performed in a retaliatory way because of her pregnancy.

Apparently, about one year after the initial complaint was filed, the attorneys for the plaintiffs forwarded a copy of the summons and complaint to State Farm and requested coverage.  The record does not contain a copy of this correspondence.  State Farm's reply, dated April 22, 1991, confirms an April 15, 1991, telephone conversation at which time State Farm denied coverage under a policy it had issued to SIO.  The letter contains no specific reference to the particular policy at issue, although a policy number is listed in the letter.  The letter indicates that the complaint did not allege any bodily injury, property damage, or personal injury, as defined in the policy.  State Farm's representative concluded the letter by stating that if the complaint was amended in such a manner as to bring the complaint within the policy's coverage, State Farm would reconsider its denial.

The complaint was amended five times.  The basis of the lawsuit never changed, and the economic damages sought also remained the same.  All versions of the complaint alleged that Gail Hite's employment termination was based upon her gender.  Ultimately, SIO and Dr. Dobbs prevailed in this suit when Gail Hite voluntarily dismissed her suit on August 11, 1994.

Sometime prior to April 14, 1997, an attorney representing SIO and Dr. Dobbs contacted State Farm seeking consideration of SIO's claim under the umbrella policy for reimbursement of the amount of money SIO expended in defense of Gail Hite's suit.  On April 14, 1997, State Farm's representative wrote back to the attorney and denied coverage.  In that letter, State Farm contends that it had previously denied coverage under the umbrella policy by letter dated April 22, 1991.  We only find one 1991-dated letter in the record, but it bears a different policy number than the letter dated April 14, 1997.  So, either there were two letters in 1991 (with only one of them contained in the record), or the State Farm representative is incorrect.  On April 14, 1997, State Farm denied coverage under the umbrella policy.

Thereafter, on September 15, 1997,  SIO and Dr. Dobbs brought this suit against State Farm.  They seek $89,881.65 in damages for the costs expended in defense of Gail Hite's suit and monetary penalties for a vexatious refusal to defend SIO in that suit.

As the case proceeded, the parties filed numerous discovery and potentially dispositive motions.  On April 18, 2000, the trial court denied State Farm's motion for a summary judgment on the issue of its duty to defend the plaintiffs in Gail Hite's suit.  At the same time, the trial court granted the plaintiffs' motion on that issue.  On August 28, 2000, the trial court granted the plaintiffs' motion for relief pursuant to section 2-701(c) of the Code of Civil Procedure (735 ILCS 5/2-701(c) (West 1998)) and awarded them $89,881.65 in damages.  On that same date, the trial court denied the plaintiffs' motion for a summary judgment on the vexatious-delay claim.  On September 6, 2000, the trial court partially granted the plaintiffs' motion to compel the production of State Farm's file relative to this claim.  On December 7, 2000, the trial court denied the plaintiffs' motion seeking a penalty, attorney fees, and prejudgment interest.

SIO and Dr. Dobbs appeal from the order denying them a summary judgment on the issue of the vexatious-delay claim, from the discovery order, and from the order denying the penalty, fees, and interest.  State Farm cross-appeals from the trial court's order finding that it had a duty to defend the plaintiffs.

Because we find the issue of State Farm's duty to defend to be dispositive of this case, we do not reach the other issues.

In determining the appropriateness of a summary judgment, the trial court strictly construes all evidence in the record against the movant and liberally in favor of the opponent.  
Purtill v. Hess
, 111 Ill. 2d 229, 240, 489 N.E.2d 867, 871 (1986).  The court must consider all pleadings, depositions, admissions, and affidavits on file to decide if there is any issue of material fact.  
Myers v. Health Specialists, S.C.
, 225 Ill. App. 3d 68, 72, 587 N.E.2d 494, 497 (1992).  On appeal, courts review summary judgment orders 
de novo
.  
Myers
, 225 Ill. App. 3d at 72, 587 N.E.2d at 497.

The commercial umbrella policy issued by State Farm to the plaintiffs provided coverage for damages that the insured became legally obligated to pay because of personal injury, property damage, or advertising injury as the result of an occurrence.  Gender discrimination is the type of claim that would typically fall under the "personal injury" category.  The policy defines "personal injury" to include racial or religious discrimination.  The definition does not include gender discrimination.  Even if this exclusionary language was somehow inapplicable, this particular State Farm policy contained a fire endorsement that very specifically deleted certain personal-injury coverages.  In relevant portions, that endorsement provided:

"[T]his policy does not apply to liability arising out of the following:

***

(4)  Discrimination, humiliation[,] and mental anguish."

Elsewhere in the policy, there was a sexual-molestation endorsement that provided:

"[State Farm] will indemnify the Insured for ultimate net loss *** which the Insured shall become legally obligated to pay as damages because of injury to any person arising out of any actual, alleged[,] or threatened act of sexual molestation or sexual misconduct which occurs during the term of this coverage."

Although the plaintiffs did not contend in their briefs that the policy language is ambiguous, they did so at oral argument.  The plaintiffs argue that the personal-injury exclusion for discrimination liability conflicts with the sexual-molestation endorsement.  They claim that this conflict naturally results in an ambiguity that must be construed against State Farm.  In that setting, the discrimination exclusion would not apply, and the plaintiffs' claim would be covered pursuant to the sexual-molestation/sexual-misconduct provision.  The plaintiffs do not claim that coverage exists as a result of sexual molestation.  The plaintiffs believe that the term "sexual misconduct" encompasses everything but rapes, fondlings, and molestations.  The plaintiffs argue that because pregnancy is uniquely sexual, both in terms of the act of conception and in the human gender necessary for pregnancy, pregnancy and gender discrimination could equate to sexual misconduct.  The plaintiffs cite no authority for this argument.

Even if we were to agree with the plaintiffs that gender discrimination is included in what State Farm intended by the term "sexual misconduct," the sexual-misconduct endorsement of the policy is further limited by a separate exclusionary clause which indicates that such insurance does not apply to "any person who personally participated in any actual, alleged, or threatened act of *** sexual misconduct."  This exclusion clearly eliminates any coverage for sexual misconduct committed by SIO and its employee Dr. Dobbs.  Who else but SIO, by Dr. Dobbs, terminated Gail Hite's employ?

We do not need to determine that issue, however, because we conclude that gender discrimination is not the same as sexual misconduct.  The plaintiffs' interpretation requires a contortion of our language.  Humans are divided into two sexes.  Because a female is a type of human sex, the plaintiffs argue that discrimination upon that basis is somehow sexual in nature.  In our language, the connotation of the word "sexual," when used as an adjective to the word "misconduct," is different than when that same word is used as an adjective to the word "discrimination."  "Sexual" as in "sexual misconduct" refers to prurient conduct of some nature.  "Sexual" as in "sexual discrimination" refers to a human's gender.

We will not strain to find an ambiguity where none exists.  
Travelers Insurance Co. v. Eljer Manufacturing, Inc.
, 197 Ill. 2d 278, 293, 757 N.E.2d 481, 491 (2001) (relying on 
McKinney v. Allstate Insurance Co.
, 188 Ill. 2d 493, 497, 722 N.E.2d 1125, 1127 (1999)). We conclude that the sexual-misconduct/sexual-molestation endorsement is not in conflict with the fire-endorsement personal-injury exclusions.

The fire-endorsement personal-injury exclusion clearly, and unambiguously, excludes coverage for discrimination.  Reviewing every version of Gail Hite's complaint, we conclude that she never varied her allegations from gender discrimination.  Furthermore, she sought only economic damages as a result of her alleged gender discrimination.  Accordingly, coverage for Gail Hite's claim was clearly excluded under the commercial umbrella policy.

As a matter of law, we find that State Farm did not have a duty to defend the plaintiffs in Gail Hite's gender discrimination suit.

For the foregoing reasons, we reverse the judgment of the circuit court of St. Clair County, and pursuant to Supreme Court Rule 366(a)(5) (155 Ill. 2d R. 366(a)(5)), we enter a judgment in favor of State Farm.

Reversed; judgment entered.

CHAPMAN, Melissa, and GOLDENHERSH, JJ., concur.

                                      NO. 5-00-0817

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

___________________________________________________________________________________

LARRY C. DOBBS, M.D., and )  Appeal from the

SOUTHERN ILLINOIS )  Circuit Court of

OTOLARYNGOLOGY, INC., )  St. Clair County.

)   

     Plaintiffs-Appellants and Cross-Appellees, )

)

v. )  No. 97-L-819A

)

STATE FARM FIRE AND CASUALTY ) 

COMPANY, )  Honorable

)  Michael J. O'Malley,

     Defendant-Appellee and Cross-Appellant. )  Judge, presiding.

___________________________________________________________________________________

Opinion Filed
: July 24, 2002

___________________________________________________________________________________

Justices
: Honorable Clyde L. Kuehn, J.

Honorable Melissa A. Chapman, J., and

Honorable Richard P. Goldenhersh, J.,

Concur

___________________________________________________________________________________

Attorney
 George R. Ripplinger, George Ripplinger & Associates, 2215 West Main Street,

for
 Belleville, IL 62226-6692

Appellants
 

___________________________________________________________________________________

Attorney
 Stephen W. Thomson, Thomson Law Offices, P.C., P.O. Box 538, Edwardsville,

for
 IL 62025

Appellee
 

___________________________________________________________________________________

FOOTNOTES
1:
We recognize that the word "sex" is more proper for use in reference to a person's biological characteristics and the word "gender" more properly connotes social and cultural characteristics of males and females.  However, we think our decision will be easier to follow and to understand if we use the word "gender," which is commonly thought to be synonymous with the word "sex," when we refer to discrimination based upon a person's biological characteristics.  

COMMENTS AND ANNOTATIONS
Text Box 1:

TEXT BOXES
NOTICE

Decision filed 07/24/02.  The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.