Docket No.101598.

# IN THE
# SUPREME COURT
# OF
# THE STATE OF ILLINOIS

---

ILLINOIS FARMERS INSURANCE COMPANY, Appellee, v. URSZULA MARCHWIANY *et al.*, Appellants.

*Opinion filed September 21, 2006.*

JUSTICE KILBRIDE delivered the judgment of the court, with opinion.

Chief Justice Thomas and Justices Freeman, Fitzgerald, Garman, and Karmeier concurred in the judgment and opinion.

Justice Burke took no part in the decision.

## OPINION

In this case, we construe the underinsured-motorist coverage provisions of an automobile insurance policy to determine whether the "per-person" limit of liability, the "per-occurrence" limit, or both limits, apply to an accident involving bodily injury to only one person insured under the policy. As a result of a fatal accident, the insured's family members asserted derivative claims. The circuit court of Cook County granted the insurer's motion for summary judgment, finding the "per-person" limit applied to those claims and the "per-occurrence" limit did not apply. The appellate court affirmed (361 Ill. App. 3d 916), and we now affirm the appellate court.

BACKGROUND

Boguslaw Marchwiany, while driving a car belonging to his wife, Urszula, died as a result of bodily injuries sustained in a three-car accident. Urszula's car was insured with Illinois Farmers Insurance Company (Farmers) with underinsured-motorist coverage limits of $100,000 per person and $300,000 per occurrence. The car was also insured by American Family under a policy providing underinsured-motorist coverage in limits identical to Farmers'. Boguslaw was the only person insured under the policies who sustained bodily injury. The two other automobiles involved in the accident, driven by Peter Gonzalez and Kashonda Milliner, had liability coverage of $100,000 and $20,000, respectively.

Urszula, as administrator of Boguslaw's estate, sued the two other drivers, asserting a claim under the Survival Act (755 ILCS 5/27–6 (West 2000)) for Boguslaw's personal injuries and a separate claim under the Wrongful Death Act (740 ILCS 180/0.01 *et seq.* (West 2000)) for injuries to Urszula and to Boguslaw's four children as next of kin. Those claims were settled by Gonzalez's insurer and by Milliner's insurer.

Urszula then asserted underinsured-motorist claims against American Family and Farmers. In return for a release of all liability, American Family paid $80,000 in settlement of the claim, representing the difference between its $100,000 underinsured-motorist limits and Milliner's $20,000 liability limit. Farmers denied the claim, contending that American Family's coverage was primary, that its underinsured-motorist per-person coverage limit of $100,000 was identical to Farmers coverage and, therefore, that claimants were entitled to no further recovery against Farmers. Farmers then filed an action for declaratory judgment pursuant to section 2–701 of the Code of Civil Procedure (735 ILCS 5/2–701 (West 2000)), asserting that all of the Marchwiany claims were subject to the policy's $100,000 per-person limit, that American Family's coverage was primary and Farmers coverage was excess to that coverage, thus requiring it to pay underinsured-motorist claims only to the extent that its limits exceeded those of American Family. Consequently, Farmers claimed it owed no payment to the Marchwianys.

The Marchwianys filed a counterclaim for declaratory judgment, contending principally that their claims were subject to the $300,000

per-occurrence limit in Farmers policy. Both parties filed motions for summary judgment. The trial court granted Farmers motion and denied Marchwiany's motion. Marchwiany appealed, and the appellate court affirmed. 361 Ill. App. 3d 916. No argument is raised here on the issue of whether Farmers coverage is excess. We allowed Marchwiany's petition for leave to appeal. 177 Ill. 2d R. 315.

## ANALYSIS

The sole issue presented for review by this court is whether the appellate court erred in finding that only the $100,000 per-person limit in Farmers underinsured-motorist coverage, and not the $300,000 per-occurrence limit, applied to plaintiff's claims. Resolution of this question requires us to construe the relevant language of the insurance policy. This presents a question of law, and our review is *de novo*. *McKinney v. Allstate Insurance Co.*, 188 Ill. 2d 493, 497 (1999).

Analysis of the meaning of an insurance policy must start with the policy language. *American States Insurance Co. v. Koloms*, 177 Ill. 2d 473, 479 (1997). We will, therefore, first set out the relevant policy provisions. The Farmers policy contained the following grant of coverage applicable to both its uninsured and underinsured provisions:

"We will pay all sums which an Insured person is legally entitled to recover as damages from the owner or operator of an uninsured motor vehicle because of bodily injury sustained by the Insured person. The bodily injury must be caused by an accident and arise out of the ownership, maintenance or use of the uninsured motor vehicle."

The policy defines "Insured Person" as:

"a. You or a family member.

b. Any other person while occupying the car described in the Declarations, an additional car, a replacement car, or a substitute car.

c. Any other person for damages that person is entitled to recover because of bodily injury to an Insured person as described in a. and b. above."

The policy defines "Bodily Injury" as: "Injury to the body, sickness, disease or death of any person."

The policy also contains two provisions designated as "Limitations of Coverage":

> "1. The uninsured motorist bodily injury limit for 'each person' is the maximum we will pay for all damages resulting from bodily injury sustained by one person in any one accident or occurrence. Included in this limit, but not as a separate claim or claims, are all the consequential damages sustained by other persons, such as loss of services, loss of support, loss of consortium, wrongful death, grief, sorrow and emotional distress.
>
> 2. The uninsured motorist bodily injury limit for 'each occurrence' is the maximum amount we will pay for two or more persons for bodily injury sustained in any one accident or occurrence."

In the appellate court, the Marchwianys contended the $300,000 per-occurrence limit applied to their claims, relying on the Fifth District's opinion in *Roth v. Illinois Farmers Insurance Co.*, 324 Ill. App. 3d 293 (2001). In *Roth*, the court construed identical underinsured-motorist coverage and concluded the policy was ambiguous. In *Roth*, as here, the insured contended that the per-occurrence limit was applicable because more than two persons sought recovery for injuries resulting from a single bodily injury. The court held that both the per-person clause and the per-occurrence clause define coverage applicable to the claims asserted by the plaintiff and that neither clause demands that the other be forfeited. *Roth*, 324 Ill. App. 3d at 298-99. Thus, reading the two provisions together created an ambiguity, requiring the court to construe the contract strictly against the insurer and in favor of coverage. *Roth*, 324 Ill. App. 3d at 299.

The appellate court here rejected the holding in *Roth*, finding that the issue was controlled by the First District's holding in *Martin v. Illinois Farmers Insurance*, 318 Ill. App. 3d 751 (2000). 361 Ill. App. 3d at 921. *Martin* involved an underinsured-motorist claim arising out of an accident under circumstances very similar to the present case, with coverage identical to that at issue here. In *Martin*, the claimant contended that her loss of society claim was a separately compensable injury, subject to its own per-person limit of liability. The *Martin* court rejected the claimant's contention that the policy language was

ambiguous, noting that the per-person limit of liability clearly and unambiguously applies to "all damages" and that all consequential damages sustained by other persons are included within this limit. *Martin*, 318 Ill. App. 3d at 763. Accordingly, the court affirmed judgment for the insurer.

The claimant in *Martin* did not argue, and that court did not address, the applicability of the per-occurrence limit under those circumstances. In *Roth*, the defendant argued that the per-occurrence limit issue should never be reached because the terms of the per-person limit controlled, thus rendering any claimed ambiguity in the per-occurrence clause irrelevant. *Roth*, 324 Ill. App. 3d at 296. The court, relying on the familiar principle that provisions of an insurance contract should be construed as a whole (see *De los Reyes v. Travelers Insurance Cos.*, 135 Ill. 2d 353, 358 (1990)), noted that the per-occurrence clause, unlike the per-person clause, did not expressly make the underinsured-motorist coverage subject to the per-person limit. Hence, the court concluded that the two clauses, read together, created an ambiguity requiring construction favorable to the insured. *Roth*, 324 Ill. App. 3d at 298-99.

Most recently, the First District, in a case involving construction of a Farmers policy, applied *Martin* and *Marchwiany* and rejected *Roth*, finding no ambiguity in uninsured-motorist coverage provisions substantially identical to those in *Marchwiany*. *Illinois Farmers Insurance Co. v. Hall*, 363 Ill. App. 3d 989 (2006). As here, the plaintiff contended the per-occurrence limit should apply to her loss of consortium claim. The court acknowledged that the insurance contract should be considered as a whole, but nonetheless declined to follow *Roth*, because only one *reasonable* interpretation of the limitation of liability provisions exists, that is, the per-person limit applies to all consortium claims because of the express language of that clause. *Hall*, 363 Ill. App. 3d at 996. To hold otherwise, the court reasoned, would render the per-person language meaningless. Thus, consideration of the per-occurrence clause is not reasonable, and no ambiguity existed. *Hall*, 363 Ill. App. 3d at 996.

Marchwiany argues that *Hall* is insupportable because, rather than accepting the clear language of the policy and giving each limit equal weight, it effectively reads into the policy a provision making the per-occurrence limit subject to the per-person limit. Marchwiany notes

that the per-occurrence clause in the underinsured-motorist coverage contains no express provision making it subject to the per-person clause. On the other hand, the per-occurrence clause in the liability section of the policy makes all claims for damages for bodily injury subject to the per-person limit. Thus, a reasonable interpretation of the underinsured-motorist provision is that the claims of two or more persons for bodily injury sustained in any one accident or occurrence, including derivative claims expressly subject to the per-person bodily injury limit, are also subject to the per-occurrence limit.

This construction necessarily creates an ambiguity, Marchwiany argues, because it is clear that the per-person limit also applies. As the policy does not make either limit subordinate to the other, the ambiguity must be resolved in favor of coverage. See *Outboard Marine Corp. v. Liberty Mutual Insurance Co.*, 154 Ill. 2d 90, 108-09 (1992).

In *McKinney v. Allstate Insurance Co.*, 188 Ill. 2d 493 (1999), we considered a similar claim of ambiguity in the per-person clause of an insurance policy's uninsured-motorist coverage. The clause provided:

> " '1. "each person" is the maximum that we will pay for damages rising out of bodily injury to one person in any one motor vehicle accident, including damages sustained by anyone else as a result of that bodily injury.' " *McKinney*, 188 Ill. 2d at 495.

The plaintiff claimed the clause was ambiguous because a reasonable interpretation of the phrase "anyone else" was "anyone else other than an insured person." We rejected this argument, noting that "[c]ourts will not strain to find ambiguity in an insurance policy where none exists." *McKinney*, 188 Ill. 2d at 497. Accordingly, we held that the policy unambiguously provided that the per-person limit of liability was the maximum payment required for all damages resulting from bodily injury to an insured, including damages sustained by others. Therefore, we affirmed the appellate court's rejection of plaintiffs' wrongful-death claim. *McKinney*, 188 Ill. 2d at 500.

Here, the per-person clause in the Farmers policy also restricts recovery for consequential damages resulting from one bodily injury to $100,000. Following the reasoning of *Roth*, the Marchwianys argue that the use of the word "for" rather than "to" in the per-occurrence

clause with reference to "two or more persons for bodily injury," and the omission of express language making the per-occurrence limit subject to the per-person limit, renders the per-occurrence limit subject to the reasonable interpretation that it applies to the Marchwianys' derivative claims. We disagree.

*Roth*, *Martin*, *Hall*, and the appellate court in this case all held the per-person clause clearly and unambiguously restricts recovery for consequential damages resulting from Boguslaw's bodily injury to the $100,000 limit. We agree with the reasoning supporting those holdings. Further, the Marchwianys concede that the per-person clause is applicable to their claims. If it is applicable, then an interpretation of the per-occurrence clause enlarging recovery to $300,000 is unreasonable unless the language of that clause clearly requires that result. It does not. A reasonable interpretation of the phrase "two or more persons for bodily injury" appearing in the clause is that it refers to multiple bodily injury claims. This interpretation would not raise the $100,000 coverage ceiling under the per-person clause to $300,000 merely because two or more persons asserted claims arising from a single bodily injury to an insured.

As the *Hall* court observed:

> "The term 'reasonable' is defined as '[w]ithin the bounds of common sense.' [Citation.] Even if we were to agree with *Roth* that both the per-person and per-occurrence limits could apply to the defendants' claims, such interpretation would not be 'within the bounds of common sense,' since the policy language in the per-person clause clearly provides that the per-person limit applies to loss of consortium claims." *Hall*, 363 Ill. App. 3d at 996.

The Marchwianys' interpretation is not reasonable because it would render the language of the per-person clause meaningless. Thus, we reject that interpretation and hold that recovery under the Farmers underinsured-motorist coverage for the Marchwianys' Survival Act and wrongful-death claims is limited to the $100,000 per-person limit. The American Family underinsured-motorist policy providing primary coverage for Boguslaw also had a $100,000 per-person limit. The Marchwianys have fully settled their claims under American Family's identical policy limits and, hence, are entitled to no additional recovery from Farmers.

We recognize that *Roth* involved identical policy language and arose from a similar factual situation, making it incompatible with our holding today. It is, therefore, overruled.

## CONCLUSION

Farmers policy unambiguously restricts recovery for all damages, including the Marchwianys' Survival Act and wrongful-death claims, to the $100,000 per-person limit in the underinsured-motorist coverage provisions. The language of the per-occurrence clause cannot reasonably be construed to enlarge that coverage. Recovery is restricted to the amount already paid under the applicable primary coverage, and the Marchwianys are entitled to no additional recovery under the Farmers policy. Accordingly, we affirm the judgment of the appellate court.

*Appellate court judgment affirmed.*

JUSTICE BURKE took no part in the consideration or decision of this case.