No. 2--06--0139                                      filed: 2/6/07

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| DEBORAH ST. PIERRE, | ) | Appeal from the Circuit Court |
| | ) | of Winnebago County. |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | No. 04--L--188 |
| | ) | |
| KARL C. KOONMEN, | ) | |
| | ) | |
| Defendant | ) | |
| | ) | Honorable |
| (Ohio Casualty Insurance Company, | ) | Joseph G. McGraw, |
| Intervenor-Appellant). | ) | Judge, Presiding. |

JUSTICE CALLUM delivered the opinion of the court:

Intervenor, Ohio Casualty Insurance Company (Ohio Casualty), appeals the circuit court's order denying its claim for a lien against the proceeds of a legal malpractice settlement between plaintiff, Deborah St. Pierre, and her former attorney, Karl C. Koonmen. The court ruled that Ohio Casualty was not entitled to reimbursement because Koonmen did not cause the injury for which Ohio Casualty paid benefits. Ohio Casualty argues that its policy unambiguously provides that it is entitled to reimbursement regardless of whether St. Pierre recovered from the original tortfeasor. We affirm.

When St. Pierre was involved in an auto accident, Ohio Casualty paid her benefits. Ohio Casualty's policy provides that if Ohio Casualty pays under the policy and the insured "recovers damages from another," she shall reimburse Ohio Casualty for any payments it made.

St. Pierre hired Koonmen to sue the other driver, who was allegedly at fault for the accident. However, Koonmen did not file suit within the limitations period. St. Pierre then sued Koonmen for legal malpractice. The parties eventually settled the malpractice action for $100,000. Ohio Casualty asserted against the settlement proceeds a lien in the amount of the payments it made. The trial court adjudicated the lien by holding that St. Pierre was not required to reimburse Ohio Casualty. Ohio Casualty appeals.

Ohio Casualty contends that it may assert its lien against the proceeds of the malpractice action. It contends that its policy provides that if the insured recovers damages "from another," it is entitled to reimbursement regardless of the party from whom the insured recovers. Thus, the fact that St. Pierre sued her attorney rather than the original tortfeasor should not bar recovery.

Initially, we note that the trial court based its ruling primarily on its interpretation of the policy. The construction of a contract is an issue of law that we review de novo. Illinois Farmers Insurance Co. v. Marchwiany, 222 Ill. 2d 472, 476 (2006).

The trial court relied on Eastman v. Messner, 188 Ill. 2d 404 (1999). There, an insurance company paid workers' compensation benefits to the plaintiff. The plaintiff hired the defendant attorney to pursue a negligence action against a third party that was responsible for the plaintiff's injuries. When the defendant did not file a complaint within the limitations period, the plaintiff sued him for malpractice. The insurer sought to intervene, claiming a lien against any damages that the plaintiff might recover. The trial court denied the petition to intervene. Eastman, 188 Ill. 2d at 406-07. The supreme court affirmed, holding that the plain language of section 5(b) of the Workers' Compensation Act (820 ILCS 305/5(b) (West 2004)) did not permit the insurer to be reimbursed from the plaintiff's malpractice recovery. Eastman, 188 Ill. 2d at 409-10.

Section 5(b) provides that where compensation is payable under circumstances creating a "legal liability for damages on the part of some person," legal proceedings may be instituted against that person, provided that if a judgment or settlement is obtained from "such other person," then the workers' compensation insurer is entitled to be reimbursed for the benefits it paid out. 820 ILCS 305/5(b) (West 2004). Eastman held that the statute's plain language limits the insurer's right of reimbursement to cases where the judgment or settlement is against the person responsible for the injury for which the insurer made the payment. Because the legal malpractice defendant did not cause the initial injury, the insurer was not entitled to be reimbursed from the settlement proceeds. Eastman, 188 Ill. 2d at 409-10.

Ohio Casualty contends that Eastman is distinguishable because it interpreted a statute rather than contractual language, as is at issue here. Ohio Casualty points out that section 5(b) specifically restricts the right of reimbursement to situations where damages are recovered from "such other person," which refers to the person responsible for the specific injury for which the insurance benefits were paid. Ohio Casualty argues that its policy does not contain a similar restriction and that its reimbursement provision applies if the insured recovers from anyone.

If Eastman held only that section 5(b)'s plain language prohibited the insurance company from receiving reimbursement, we might agree with Ohio Casualty that it is inapposite. However, Eastman contains additional policy rationales that apply with equal force here.

Eastman remarked on a provision of section 5(b) that allowed the insurance company to institute a subrogation action if the insured failed to file his or her own action. Eastman, 188 Ill. 2d at 414, citing 820 ILCS 305/5(b) (West 1996). The court noted that allowing the insurer to maintain a subrogation action against the insured's attorney had the potential to interfere with the attorney-

client relationship. The court noted that generally "a malpractice plaintiff must prove that the attorney owed the plaintiff a duty of care arising from the attorney-client relationship." Eastman, 188 Ill. 2d at 414. For this reason, Illinois is among the majority of states holding that malpractice claims may not be assigned. See Christison v. Jones, 83 Ill. App. 3d 334, 338-39 (1980); see also National Union Fire Insurance Co. v. Salter, 717 So. 2d 141 (Fla. App. 1998).

Here, the record gives no indication that Ohio Casualty interfered in any way with St. Pierre's action against Koonmen. Nevertheless, permitting an insurer to be reimbursed from the proceeds of such an action could create an incentive for the insurer to meddle in the client's relationship with her attorney, allowing the insurer to do indirectly what it could not do directly.

Eastman also pointed out that the malpractice plaintiff might not be fully compensated if he had to reimburse the insurer. While the collateral source rule would permit the insured to recover in the underlying tort case the amounts reimbursed by insurance, those amounts are not recoverable in a malpractice action. Malpractice damages are strictly limited to the amount the client actually lost due to the malpractice, which would exclude amounts received from insurance. Eastman, 188 Ill. 2d at 412-13.

Here, because the malpractice case was settled, we have no way of knowing what specific damages the settlement was intended to cover. The malpractice complaint is rather vague and does not attempt to itemize damages. Nevertheless, under Eastman, the presumption is that the settlement was not intended to allow St. Pierre compensation for the amounts she had already received from her insurer.

Ohio Casualty insists that the policy provision in question unambiguously requires reimbursement and should be given effect. It is true that where a policy provision is clear and

unambiguous, its language must be taken in its plain, ordinary, and popular sense. <u>Travelers Insurance Co. v. Eljer Manufacturing, Inc.</u>, 197 Ill. 2d 278, 301 (2001). However, the provision in question is not unambiguous.

Read literally, the reimbursement provision would require repayment if the insured recovers <u>any</u> damages from <u>anyone</u> for <u>any</u> reason. The absurdity of such a construction is seen by considering a scenario in which the insured is involved in another and unrelated automobile accident, or even some other incident that does not involve insurance. According to Ohio Casualty's interpretation, it would then be entitled to proceeds from the insured's recovery in the unrelated case sufficient to offset its payment to the insured in this case. The error of this view of the policy language is also seen by noting that the policy is for automobile-related risks, and not professional negligence or malpractice. St. Pierre suffered injury from Koonmen's alleged malpractice. It is this injury for which the settlement compensated her. While the measure of damages might be her damages stemming from the auto accident, the injury is nevertheless beyond the scope of coverage in Ohio Casualty's policy. Thus, we are justified in reading additional language into the provision to clarify the parties' meaning. Accordingly, we hold that the provision is ambiguous and we construe it against the drafter, in this case, Ohio Casualty. See <u>State Farm Fire & Casualty Co. v. Hooks</u>, 366 Ill. App. 3d 819, 829 (2006). We thus infer that the injury for which the insured collects damages must be the same injury for which the insurer paid benefits. Accordingly, the policy language does not dictate a departure from <u>Eastman</u>.

The judgment of the circuit court of Winnebago County is affirmed.

Affirmed.

O'MALLEY and BYRNE, JJ., concur.