2020 IL App (2d) 190691-U
No. 2-19-0691
Order filed April 24, 2020

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| AMERICAN FAMILY MUTUAL INSURANCE COMPANY, | ) ) | Appeal from the Circuit Court of Du Page County. |
| | ) | |
| Plaintiff and Counterdefendant-Appellee, | ) ) | |
| v. | ) | No. 18-MR-1382 |
| | ) | |
| ALBERT PEREZ, | ) ) | Honorable |
| Defendant and Counterplaintiff-Appellant. | ) ) ) | Bonnie M. Wheaton, Judge, Presiding. |

JUSTICE McLAREN delivered the judgment of the court.
Justices Zenoff and Hudson concurred in the judgment.

**ORDER**

¶ 1   *Held*: The trial court properly granted insurer summary judgment on its declaratory judgment action: claim filed under automobile policy for incident occurring in the Republic of Colombia was properly denied, because the policy's express language covered only incidents in the United States, its territories or possessions, or Canada, and this territorial condition was not affected by language warning that incidents in Mexico were not covered.

¶ 2   Defendant and counterplaintiff, Albert Perez, appeals an order granting summary judgment in favor of plaintiff and counterdefendant, American Family Mutual Insurance Company (American Family), on American Family's complaint for declaratory judgment. We affirm.

¶ 3         I. BACKGROUND

¶ 4 On August 22, 2018, Perez was involved in an accident in the Republic of Columbia. Perez made a claim under a personal automobile insurance policy issued by American Family to Socorro Suarez. Perez claimed that Suarez was his mother and he was a resident of her household at the time of the accident. The policy provided a number of coverages, including liability coverage, uninsured motorist coverage, and underinsured motorist coverage.

¶ 5 American Family investigated the claim and denied coverage, because the loss occurred in the Republic of Columbia, which was outside the coverage territory of the policy. American Family relied on the following policy provision:

> "GENERAL CONDITIONS
>
> Unless otherwise noted, the following conditions apply to all coverages of the policy.
>
>         * * *
>
> 11. Territory
>
> > This policy covers only auto accidents, occurrences, and losses which occur:
> >
> > a. within the United States of America, its territories or possessions, or Canada, or between their ports; and
> >
> > b. during the policy period."

¶ 6 On September 20, 2018, Perez made a demand under the policy. In response, on October 3, 2018, American Family filed a complaint for declaratory judgment, seeking a declaration that the policy did not cover the accident, because it occurred outside the coverage territory. Perez filed a countercomplaint, alleging bad faith, consumer fraud, and breach of contract.

¶ 7 The parties filed cross-motions for summary judgment. In his motion for summary judgment, Perez argued that the policy language was vague, misleading, and ambiguous. In

support, Perez cited the following language, which was set forth at the bottom of the first page of the eight-page policy:

"NO MEXICO COVERAGE

READ THIS WARNING CAREFULLY

Car accidents in Mexico are subject only to Mexican law. The Republic of Mexico considers a car accident to be both a criminal offense and a civil matter. Car insurance should be secured from a Mexican insurance company to avoid the risk of being jailed and possibly having *your insured car* impounded. (Emphasis in original.)

NO COVERAGE IS PROVIDED UNDER THIS POLICY FOR MEXICO"

Perez argued that "a simple reading of page one of the policy demonstrates that the only territory excluded from coverage is *MEXICO*." (Emphasis in original.) According to Perez, "a territorial exclusion of coverage is not a condition and clearly does not belong in the list of these conditions."

¶ 8    Above the Mexico territorial exclusion, the policy stated at the top of the first page that

"This policy is a legal contract between *you* (the policyholder) and the company. The following Quick Reference is only a brief outline of some important features in *your* policy and is not the insurance contract. The policy details the rights and duties of *you* and *your* insurance company. *Read your policy carefully*." (Emphases in original.)

¶ 9    The trial court rejected Perez's interpretation of the policy, stating as follows:

"Court will take judicial notice that the only place you can drive from the United States—from any state in the United States is into Canada which is covered by the policy and into Mexico which is not.

I think the bold warning on the information page that the policy is not effective in Mexico is a common sense warning that if you are—if you have a car that you're driving

in any state in the United States and you drive into another country other than Canada, namely, Mexico, you're not covered.

I believe the case law is quite clear that the policy has to be read as a whole, and I believe that there is no ambiguity that exists.

The condition of an accident taking place within the United States, its territories and possessions or in Canada is a condition precedent to coverage under the policy."

¶ 10    The trial court granted American Family's motion for summary judgment, denied Perez's motion for summary judgment, and dismissed Perez's counterclaim with prejudice. Perez timely appealed the summary judgment entered for American Family.

¶ 11                                 II. ANALYSIS

¶ 12    Perez disputes the trial court's interpretation of the policy, concluding that the court erred in granting summary judgment for American Family on its complaint for declaratory judgment. The construction of an insurance contract and a determination of the rights and obligations of the contracting parties are questions of law and are suitable for resolution by summary judgment. *Continental Casualty Co. v. Donald T. Bertucci, Ltd.,* 399 Ill. App. 3d 775, 776 (2010). Summary judgment is proper where, when viewed in the light most favorable to the nonmoving party, the pleadings, depositions, admissions, and affidavits on file reveal that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Williams v. Manchester*, 228 Ill. 2d 404, 417 (2008). Whether the entry of summary judgment was appropriate is a matter that we review *de novo*. *Id.*

¶ 13    The general rules governing the interpretation of contracts govern the interpretation of insurance policies. *Hobbs v. Hartford Insurance Co. of the Midwest*, 214 Ill. 2d 11, 17 (2005). The "primary objective" in interpreting an insurance policy is to determine and give effect to the

parties' intent as expressed in the policy language. *Id.* Unambiguous policy language is applied as written unless it conflicts with public policy. *Id.* If an insurance provision is ambiguous, however, it will be construed liberally in favor of coverage and strictly against the insurer who drafted the policy. *Id.* Policy language is ambiguous if it is susceptible to more than one reasonable interpretation. *Id.* The supreme court has directed the courts not to "strain to find ambiguity in an insurance policy where none exists." *McKinney v. Allstate Insurance Co.*, 188 Ill. 2d 493, 497 (1999).

¶ 14    Perez argues that the policy is ambiguous, vague, and misleading, because it labelled a "territorial exclusion" as a "conditional" term. According to Perez, "when one territorial limitation (*i.e.*, 'No Coverage in Mexico'), is clearly and unambiguously listed in the 'exclusions' section, *then, for purposes of clarity, obviousness, and transparency, all other territorial exclusions should be included in that same section.*" (Emphasis in original).

¶ 15    Here, section 11 of the General Conditions of the policy made clear that only incidents occurring "within the United States of America, its territories or possession, or Canada, or between their ports" were covered. There is nothing ambiguous about that policy language: incidents occurring in the Republic of Colombia were not covered.

¶ 16    To be sure, the first page of the policy warns "NO MEXICO COVERAGE," but that page also makes clear that this warning is part of a "Quick Reference" of "important features" that is "not the insurance contract." The warning expressly states: "The policy details the rights and duties of *you* and *your* insurance company. *Read your policy carefully*." (Emphases in original.) Although the warning provides for "no coverage" in Mexico, it is not labelled an "exclusion" and nothing in the policy indicates that only incidents occurring in Mexico are excluded from coverage. Moreover, the warning informs the policy holder that car accidents in Mexico are "subject only to

Mexican law," that car accidents in Mexico are "both a criminal offense and a civil matter," and that "[c]ar insurance should be secured from a Mexican insurance company to avoid the risk of being jailed and possibly having your insured car impounded." Indeed, as the trial court noted, it is a commonsense warning, given that the policyholder could easily drive a car into Mexico. In any event, an examination of the complete document makes clear that the policy did not cover Perez's accident. See *Hobbs*, 214 Ill. 2d at 23 ("an insurance policy must be interpreted from an examination of the complete document."). Viewed in the light most favorable to the nonmoving party, the pleadings, depositions, admissions, and affidavits on file reveal that there is no genuine issue of material fact regarding coverage and that American Family is entitled to judgment as a matter of law. See *Williams*, 228 Ill. 2d at 417.

¶ 17                                    III. CONCLUSION

¶ 18    For the reasons stated, we affirm the judgment of the circuit court of Du Page County.

¶ 19    Affirmed.